FRANK B. THOMPSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97498.   Promulgated June 18, 1940.

*Albert E. James, Esq.*, for the petitioner.
*Marguerite Rawalt, Esq.*, for the respondent.

## OPINION.

Sternhagen: In determining the deficiency, the Commissioner ruled that the amounts contributed by the petitioner to the corporation in the years 1933, 1934, and 1935 were gifts, taxable in the aggregate as such, and that there was but one exclusion of $5,000 for each year. The petitioner assails this determination, primarily contending that the transfers to the corporation were not gifts but were contributions of paid-in surplus; and, in the alternative, if they are to be characterized as gifts, such characterization can only be applied to the interest which by his contribution the petitioner gave to the shareholders. By this latter conception petitioner would leap over the legal existence and ownership of the corporation; treat his transfer as if in fact it had been made to the individuals holding the corporation shares, of whom he himself was the largest; regard his ownership of half the shares of the corporation as a continuing half ownership of the amounts contributed to it and the proportionate interest of each other shareholder as a similarly proportionate interest in such amounts; and, by breaking up the legal transfer from himself to the corporation into parts, he would so break up the computation of the gift tax as to escape tax entirely.

There is nothing in the record to justify any aspersion upon the petitioner's motive or good faith, and the case is not to be considered except as a legal question of the effect of the gift tax statute upon the facts stipulated.

We see no reason in the language of the statute for holding that the petitioner's voluntary contribution to the corporation for which he received nothing, albeit the value of his shares was *pro tanto* enhanced, may be regarded as other than a gift. *Bothin Real Estate Co.* v. *Commissioner*, 90 Fed. (2d) 91; *King* v. *United States*, 10 Fed. Supp. 206; affd., 79 Fed. (2d) 453; *Commissioner* v. *Rosenbloom Finance Corporation*, 66 Fed. (2d) 556; certiorari denied, 290 U. S. 692; *Willputte Coke Oven Corporation*, 35 B. T. A. 298. This is no less so because in the corporation's accounting parlance the gift

may have been regarded as paid-in surplus, *Bothin Real Estate Co.* v. *Commissioner, supra; Southern Pacific Co.* v. *Edwards*, 57 Fed. (2d) 891, or because the petitioner and the other shareholders derived benefit in the extent to which the augmentation of the corporation assets is reflected in the value of their shares, *Bothin Real Estate Co.* v. *Commissioner, supra; Southern Pacific Co.* v. *Edwards, supra.*

The corporation is, as the statute expressly says, a "person", section 801 (a) (1), Revenue Act of 1934; section 1111 (a) (1), Revenue Act of 1932, and a taxpayer. As such it is in law separate from the petitioner, *Dalton* v. *Bowers*, 287 U. S. 404. It is the donee of petitioner's contributions and the owner thereof in its own right. If it sells the property, the resulting gain or loss comes to it and not to its shareholders, *Commissioner* v. *Rosenbloom Finance Corporation, supra.* The measure thereof is calculable upon the basis which would have been applicable to the donor, section 113 (a) (8), Revenue Act of 1932; *Bothin Real Estate Co.* v. *Commissioner, supra; Commissioner* v. *Rosenbloom Finance Corporation, supra;* see Senate Finance Committee Report No. 665, p. 27, 72d Cong., 1st sess. If the donor remains a shareholder of the corporation, his death will result in the testamentary transfer not of the corporation's property but of the petitioner's shares in the corporation, which, as gross estate, will measure the estate tax. An intervening gratuitous transfer in trust of such shares and a consequent gift tax will have its statutory reflection in the decedent's estate tax, section 402, Revenue Act of 1932; *Wendell W. Fish et al., Executors*, 27 B. T. A. 1002; affd., 75 Fed. (2d) 769. The gift tax and the estate tax are separately imposed on different occasions, and it is no objection that they both impinge upon the same taxpayer, or that the measure of each is as a matter of law to some degree derived from the same economic value. This is not double taxation; but even it it were, it would still not be invalid, *Hellmich* v. *Hellman*, 276 U. S. 233; *King* v. *United States, supra.*

Because the petitioner is now required to pay a gift tax upon the transfer of property to the corporation, his estate tax upon the testamentary transfer of the shares is not necessarily to be reduced to reflect the gift tax thus paid. Neither the statute nor the legislative reports indicate that Congress intended such a nicety of mathematical calculation in the coordination of the two taxes.

The gift by the petitioner to the corporation does not require a $5,000 exclusion for each of the other shareholders who by enhancement in value of their shares feel its benefit. Such indirect benefit is not a gift, direct or indirect, such as the statute, Revenue Act of 1932, section 501 (b), contemplates. As to gratuitous transfers in trust, the $5,000 exclusion has now been construed as applying sepa-

124

rately to each beneficiary rather than, as it had formerly been held, to the trust itself, *Hutchins* v. *Commissioner*, 111 Fed. (2d) 229; *McBrier* v. *Commissioner*, 108 Fed. (2d) 967; *Rheinstrom* v. *Commissioner*, 105 Fed. (2d) 642; *Welch* v. *Davidson*, 102 Fed. (2d) 100; *Wilton Rubinstein*, 41 B. T. A. 220 (on review, C. C. A., 8th Cir.). But the very doubt which has affected the question as to trusts strengthens the conclusion that a gift to a corporation may not be treated as a group of gifts to its shareholders.

In our opinion, the Commissioner correctly held that the transfers in each year to the corporation were gifts to it which were subject to a single exclusion each year of $5,000, and were subject to the gift tax upon the total amount in excess of the composite $50,000 exemption. The determination is sustained.

Reviewed by the Board.

*Decision will be entered for the respondent.*