ROBERT H. SCANLON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 98020.   October 18, 1940.

*A. W. Helvern, Esq.*, for the petitioner.
*Harry R. Horrow, Esq.*, for the respondent.

998

OPINION.

Opper: The present controversy involves the transfer by petitioner to his wholly owned corporation of shares of common and preferred stock of the Powell River Co., Ltd. The parties differ as to whether this was a gift subject to tax under the provisions of Revenue Act of 1932, sections 501, *et seq.*, and, if so, as to the value of the stock transferred. Since we are of the opinion that the gift tax sections do not apply, consideration of the second question will be unnecessary.

Characterization of the transfer as a gift seems to us to be contrary to the generally accepted and ordinary meaning of the term. *Fitch* v. *Helvering*, 70 Fed. (2d) 583; see *Helvering* v. *San Joaquin Fruit & Investment Co.*, 297 U. S. 496. Webster [1] defines a gift as "anything voluntarily transferred by one person to another without com-

---

[1] Webster's New International Dictionary, 2d Ed.

pensation; a present." We think it clear that there was full and satisfactory compensation to petitioner, through the corresponding enhancement in the value of his shares, even though it be conceded that this was a transfer by one person to another. Motive may not be conclusive and it may not help merely to say there was no donative intent. But see *Noel* v. *Parrott*, 15 Fed. (2d) 669, 671. Yet the existence of compensation to petitioner is indicated by the answer to the question: Did he make the transfer to benefit the corporation as a disconnected and isolated entity, or to benefit some third person, or was it for his own benefit exclusively? Formulation of the question is its own best answer.

It is indeed difficult to say that this was a "gift" for purposes of perpetuating the transferor's basis under, e. g., the Revenue Act of 1926, section 204 (a) (2), *Commissioner* v. *Rosenbloom Finance Corporation*, 66 Fed. (2d) 556; certiorari denied, 290 U. S. 692, and not for purposes of the gift tax. Yet if the property had been transferred for stock in the transferee corporation the basis would still have been that of the transferor. Sec. 204 (a) (8). Hence, it made little difference in the *Rosenbloom* case which way the transfer was regarded. See *King* v. *United States*, 10 Fed. Supp. 206; affd., 79 Fed. (2d) 453. But the main strength of the gift argument would in such condition disappear. For the stock would represent consideration, even though perhaps it gave the transferor nothing he did not have before. *Eisner* v. *Macomber*, 252 U. S. 189. For this very reason no attempt should be made to lay undue emphasis on the fact that petitioner's compensation here was by way of increase in the value of his existing shares rather than the "proliferation" of his interest by issuance of new ones. See *King* v. *United States, supra.*

It is true that *Higgins* v. *Smith*, 308 U. S. 473, 477, indicates that if the corporate form is used the taxpayer must take the consequences. But here, not the existence of the corporation but the form of the transfer creates the question. We do not say, disregarding the corporate entity, that petitioner made a transfer to himself, so much as we do that, having due regard to the realities, petitioner's interest as sole stockholder in the corporation's property gave him a corresponding compensation for the transfer, which prevents it from being a true gift within the meaning of the gift tax law.

If petitioner were not the sole shareholder a different question would arise. For other shareholders would benefit proportionately from the receipt of the property by the corporation. As to them, particularly members of the transferor's family, there is no reason to disregard the gift theory. And if to that extent the transfer is a gift there may be no practical method of administering the act save to treat the tax as applying to the whole. *Frank B. Thompson*, 42 B. T. A.

# 1000

121. But no such difficulty need disturb us here, since no one but petitioner was interested in either the property transferred or its recipient. We are not unmindful that in *Bothin Real Estate Co.* v. *Commissioner*, 90 Fed. (2d) 91, the Circuit Court of Appeals, Ninth Circuit, affirming the Board, applied the rule of the *Rosenbloom* decision to the case of a sole stockholder in holding that the basis of his transferee corporation was the same as his own. But the conclusion there expressed that the transfer was a "gift" seems to have rested principally on the taxpayer's concession of fact that consideration was lacking.

Since a different question is presented here, and since we think it strains the sense and purpose of the gift tax act to call this transaction a gift within its intendment, we conclude that the deficiency was erroneously determined.

Reviewed by the Board.

*Decision will be entered for the petitioner.*