## SKOURAS v. COMMISSIONER OF INTERNAL REVENUE.

### No. 176, Docket 21787.

United States Court of Appeals Second Circuit.

Argued April 10, 1951.

Decided April 30, 1951.

The facts are stated in the findings and opinion of the Tax Court reported in 14 T.C. 523.

Kenneth W. Moroney, New York City, for petitioner.

Charles Oliphant, Washington D. C., Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Sp. Asst. to Atty. Gen. (L. W. Post, Washington, D. C., of counsel), for respondent.

Before SWAN, CHASE and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The question here is whether the donees' power to destroy a joint assignment with right of survivorship gave the donor an exclusion from the gift tax. The Supreme Court has held that when unanimous action of the donees is necessary to such destruction then the interests of several donees are "future interests," and the donor is not entitled to the exclusion under 26 U.S.C.A. § 1003(b). See Ryerson v. United States, 312 U.S. 405, 61 S.Ct. 656, 85 L.Ed. 917; United States v. Pelzer, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913. The taxpayer contends[1] that unanimous consent was here not necessary, because each of the donees had the immediate individual power to bring about an individual severance of the joint assignments and thus to obtain at once his share of the cash surren-

1. He relies on such cases as Matter of McKelway, 221 N.Y. 15, 19, 116 N.E. 348, L.R.A.1917E, 1143, and Loker v. Edmans, 204 App.Div. 223, 197 N.Y.S. 857; cf. United States v. Jacobs, 306 U.S. 363, 370, 59 S.Ct. 551, 83 L.Ed. 763.

der value of the policies. We assume, arguendo, that this would be true, absent a contrary intention of the donor. But here the Tax Court found that the donor intended that joint action was necessary for such a severance, and we think the evidence amply sustains that finding.

Affirmed.