STEPHEN F. HERINGER, ET AL.,[1] PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 40018, 40019, 40020, 40021. Promulgated January 26, 1954.

[1] Proceedings of the following petitioners are consolidated herewith: Mabel H. Heringer, Docket No. 40019; John F. Heringer, Docket No. 40020; and Alta G. Heringer, Docket No. 40021.

608

*R. E. H. Julien, Esq.*, for the petitioners.
*T. M. Mather, Esq.*, for the respondent.

**OPINION.**

OPPER, *Judge:* These circumstances are indistinguishable from *Frank B. Thompson*, 42 B. T. A. 121, which has now stood undisturbed by legislative, judicial, or administrative action for upward of 13 years. On the authority of that case, the real property transferred by petitioners to the corporation in which they and their children owned stock is a taxable gift to its full extent.

*Robert H. Scanlon*, 42 B. T. A. 997, which dealt with the transfer to a corporation wholly owned by the transferor is distinguishable from

these proceedings on the same grounds as those on which that opinion itself distinguishes the *Thompson* case. And the transfer to their corporation by petitioners of valuable property is an entirely different thing from the renunciation of the undeclared dividend which occurred in *Emily Coles Collins*, 1 T. C. 605.

From *Frank B. Thompson, supra,* it also follows that each petitioner is entitled to but one exclusion for gift tax purposes for each year.

Reviewed by the Court.

*Decisions will be entered under Rule 50.*

---

VAN FOSSAN, *J.,* dissenting: Despite the statement in the opinion in *Robert H. Scanlon,* 42 B. T. A. 997, that it is distinguishable on its facts from *Frank B. Thompson,* 42 B. T. A. 121, I have never been able to perceive a valid distinction in principle between the two cases.

Accordingly, I cannot agree with the holding of the majority that the *Thompson* case governs here, and that the transfers were taxable to the donors as gifts, nor can I agree that each donor is entitled to but one exclusion.