Stephen F. HERINGER, Mabel H. Heringer, John F. Heringer, and Alta G. Heringer, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 14574.

United States Court of Appeals Ninth Circuit.

June 7, 1956.

Rehearing Denied July 9, 1956.

R. E. H. Julian, San Francisco, Cal., for petitioners.

H. Brian Holland, Asst. Atty. Gen., Robert N. Anderson, A. F. Prescott, Myer Rothwacks, John Kelley, Jr., Sp. Assts. to the Atty. Gen., for respondent.

Before ORR and CHAMBERS, Circuit Judges, and MATHES, District Judge.

ORR, Circuit Judge.

John F. and Stephen Heringer and their wives Mabel H. and Alta G. respectively, and hereafter petitioners, appear from the record to be thrifty people who have conducted successful farming operations during the years. Each couple has several children. On or about January 5, 1947 petitioners concluded that the major portion of their property should be transferred to a corporation, whose stock was to be distributed between parents and children. Pursuant thereto they caused to be incorporated Vorden Farms, Inc., hereafter the corporation. The corporation issued 50,000 shares of stock. In payment for these shares the corporation received the sum of $50,000. Petitioners each received 5000 shares, a total of 20,000 shares which constituted forty percent of the 50,000 shares issued. The two couples have eleven children, some of whom received 2500 shares while others received 3000.

On December 28, 1948 the petitioners transferred to the corporation a one half interest in certain farm lands owned by them, and on January 5, 1949, conveyed the remaining one half interest. No consideration for the transfer was given or promised. It is stipulated that the fair market value of the land is $641,443. After receipt of the land the corporation leased it to Vorden Farms, a partnership consisting of nine of the said eleven children, which said partnership operated the farming of the land. The corporation collected rents from the partnership, paid taxes and reclamation assessments and distributed dividends. Officers of the corporation received no salaries.

On these facts the Tax Court found that the said transfers constituted gifts within the intents of §§ 1000 and 1002, Int.Rev.Code of 1939, 26 U.S.C.A., that the value of such gifts for purposes of tax was the full stipulated fair market value of the conveyed land, and that in determining the number of exclusions available to petitioners pursuant to § 1003(b) (3), the said gifts must be deemed to have been made to the corporation, as an entity, constituting, for purposes of § 1003(b) (3), a single donee.

Petitioners attack the decision of the Tax Court on three grounds:

1. That the said transfers of land to the corporation were contributions to capital and not gifts within the meaning of the Gift Tax statute,

2. That, if it be held that gifts were made, the donees were the said children and each donor became entitled to an exclusion of $3000 for each child on each transfer,

3. That by reason of petitioners forty percent ownership of the corporation, the

amount of the gift, if any, was not the fair market value of the property at the time of the transfers, but sixty percent thereof.

In support of their contention that the land transfers were not gifts, petitioners rely on certain self-serving declarations to the effect that the purpose of the said transfers was to provide for said children an incentive to work the farm more productively, thus placing the transactions in the category of transactions in the ordinary course of business and without donative intent.[1]

■ It was the province of the Tax Court to give such weight to this evidence as it deemed it entitled to command.[2] Evidently it did not credit the testimony. The family context of the transactions created a presumption of gift, see 2 Paul, Estate and Gift Taxation (1942), 1113, and cases cited. It is noteworthy that petitioner's eleven children were all interested in the corporation whereas but nine of them were partners in the operating partnership. This fact suggests motives other than the intention to develop an incentive in those working the land. In C. I. R. v. Wemyss, 1945, 324 U.S. 303, at page 306, 65 S.Ct. 652, at page 654, 89 L.Ed. 958, the Supreme Court said:

"But Congress intended to use the term 'gifts' in its broadest and most comprehensive sense. H.Rep.No. 708, 72d Cong., 1st Sess., p. 27; S. Rep.No. 665, 72d Cong., 1st Sess., p. 39; cf. Smith v. Shaughnessy, 318 U.S. 176, 63 S.Ct. 545, 87 L.Ed. 690; Robinette v. Helvering, 318 U.S. 184, 63 S.Ct. 540, 87 L.Ed. 700. Congress chose not to require an ascertainment of what too often is an elusive state of mind. For purposes of the gift tax it not only dispensed with the test of 'donative intent'. It formulated a much more workable external test, that where 'property is transferred for less than an adequate and full consideration in money or money's worth,' the excess in such money value 'shall, for the purpose of the tax imposed by this title, be deemed a gift * * *.' "[3]

The facts of the instant case justify the finding of the Tax Court that the transfers of the land were gifts within the intent of the Act.

We now take up the contention that, in the event taxable gifts were involved, the donees of such gifts, in substance, were petitioners' children rather than the corporation and that a $3000 exclusion should be allowed each donor for each. Petitioners claim support for their contention is found in the case of Helvering v. Hutchings, 1941, 312 U.S. 393, 61 S. Ct. 653, 85 L.Ed. 909. There the Supreme Court of the United States held that the taxpayer, having made a gift to a trust, was entitled to an exclusion for each beneficiary of the trust, rejecting the contention that the trust entity was the donee for purposes of § 1003(b) and that hence but a single exclusion was authorized. In Thompson v. C. I. R., 1940, 42 B.T.A. 121, the then Board of Tax Appeals held, on facts substantially the same as those of the instant case, that the entity of the corporate donee may not be ignored. Numerous other cases, cited by respondent, have held, in various contexts, that the corporate entity controls.

■ But, in the instant case we need not decide the point because even though

1. Reg. 86.8 provides, in part, as follows: "However, a sale, exchange or other transfer of property made in the ordinary course of business (a transaction which is bona fide, at arms length, and free from any donative intent), will be considered as made for an adequate and full consideration in money or money's worth."

2. C. I. R. v. Wemyss, 1945, 324 U.S. 303, 65 S.Ct. 652, 89 L.Ed. 958; Dobson v. C. I. R., 1943, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248.

3. See also Helvering v. American Dental Co., 1943, 318 U.S. 322, 63 S.Ct. 577, 87 L.Ed. 785, and Horst v. C. I. R., 9 Cir., 1945, 150 F.2d 1.

the said children be deemed the donees for purposes of application of § 1003(b) the interests taken by said children were "future interests" within the meaning of the statute and petitioners are not entitled to the exclusions there provided.

In C. I. R. v. Wells, 6 Cir., 1942, 132 F. 2d 405, 407, it is said: "In considering this question, it is necessary to put aside conceptions of 'estates in futuro' as understood by Blackstone and the classic commentators on the common law. * * *" The test rather is whether or not the donee is given present power of possession and enjoyment of the gift, United States v. Pelzer, 1941, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913; Ryerson v. United States, 1941, 312 U.S. 405, 61 S.Ct. 656, 85 L.Ed. 917. Absent such present power no exclusion is authorized.

Here the corporation was given title to the transferred land. Shareholders of the corporation could possess or enjoy the land or income derived therefrom only upon declaration of dividends, an act which required the joint action of members of the competent corporate body and which no single shareholder could perform. This consideration brings the case within the reasoning of the Supreme Court of the United States in the case of Ryerson v. United States, supra. There the joint action of two donees as trustees was a condition precedent to their individual possession and enjoyment of the gift, neither having power to reach the property save by the consent of the other. The Supreme Court held that the consequent postponement and condition attached to their possession and enjoyment constituted their interests "future interests." See also United States v. Pelzer, supra, Skouras v. C. I. R., 2 Cir., 1951, 188 F.2d 831 and C. I. R. v. Wells, supra, involving a trust, the trustee of which had discretion as to distributions of income and principal to the beneficiaries.

■ We do not determine whether the gifts made were or were not to the children because even so they would be future interests and therefore would not entitle the donors to exclusions. Since the Government has not attacked the exclusions allowed below on the theory that the transfers were gifts to the corporation the four exclusions allowed will not be disturbed.[4]

Petitioners held interests in the donee corporation in the amount of forty percent of the outstanding stock.[5] They contend that gifts, if any, by them to the corporation should be valued for gift purposes at sixty percent of fair market value as found by the Tax Court inasmuch as the value of petitioners' interest in the corporation was increased proportionately as a direct result of the transfers to the corporation and that such increase is analogous to receipt by them of consideration for the transfers.

Section 1002, Int.Rev.Code of 1939 provides as follows:

"Where property is transferred for less than an adequate and full consideration in money or money's worth, then the amount by which the value of the property exceeded the value of the consideration shall, for the purpose of the tax imposed by this chapter, be deemed a gift, and shall be included in computing the amount of gifts made during the calendar year."

It is important to note here that Congress considered the problem of computing the amount of gift where the donor receives a consideration for the transfer and determined in favor of a net result.

■ It is well established that the provisions of the gift tax statute are to be construed as in pari materia with the provisions and purposes of the estate tax statute, see e. g., Sanford's Estate v. C. I.

---

4. See Ryerson v. United States, supra, 312 U.S. at page 409, 61 S.Ct. at page 658.

5. We treat the interests held by petitioners in the aggregate as 40% of the corporation. Individually each petitioner held 10% of the corporation's stock, but as the gift of each petitioner must be considered to have been in part in consideration of the gifts made by the others, it is useful and not misleading to consider the aggregate holdings in determining the tax liabilities of the individual donors.

R., 1939, 308 U.S. 39, 60 S.Ct. 51, 84 L. Ed. 20. It is evident that the value of petitioners' shares in the family corporation necessarily reflected proportionately the increased net worth of the corporation which increased value would be includible in petitioners' gross estates.

Giving the language of the statute its ordinary meaning petitioners' intention was to donate not more than 60% of the transferred property. Where, as here, a direct consequence of their action was to proportionately increase the value of petitioners' holdings, reason and justice require a finding that petitioners parted with no more. In so applying the statute we recognize the importance of realistic considerations, Helvering v. Hutchings, supra.

In support of its contrary contention the Government relies on Bothin Real Estate Co. v. C. I. R., 9 Cir., 1937, 90 F.2d 91, Weeks v. White, 1 Cir., 1935, 77 F.2d 817, and Thompson v. C. I. R., supra. The Bothin and Weeks cases did not arise under the gift tax provisions of the Internal Revenue Code. In each of those cases the question presented was whether and to what extent the donee took the tax basis of the transferor for the transferred property with reference to income tax consequences. Considerations pertinent to that question are not controlling here.

As we have heretofore noted the last cited case of Thompson v. C. I. R. involved a gift to a family corporation, which is analogous to this case. In holding that the taxpayer must be deemed to have made a gift of the full amount to the family corporation the then Board of Tax Appeals relied in part on the unsettled state of the law in the area of gifts to trusts which then existed and which the Board regarded as an *a fortiori* situation. Thereafter the Supreme Court clarified the atmosphere as to trusts, Helvering v. Hutchings, supra, by holding that the practical realities of the gift were controlling. In its later decision, Scanlon v. C. I. R., 1940, 42 B.T.A. 997, where the taxpayer had given property to a wholly owned corporation, the board distinguished the Thompson case and held the gift tax statute inapplicable. In our opinion the Scanlon case is indistinguishable in principal from the situation presented in Thompson v. C. I. R. and in the instant case. It would be harsh and unrealistic to ignore the substantial interests held by petitioners in the donee corporation.

The judgment of the Tax Court is modified to the extent that the gift tax was made to apply to the 40% interest retained by petitioners. Cause remanded with instructions to Tax Court to enter judgment in accordance with the views herein expressed.