Merrimack, }
Oct. 7, 1919. }

SAMUEL W. CURRIDEN & a., Trustees, v. JOHN P. H.
CHANDLER & a.

A conveyance by a husband to his wife and minor child, the instrument being sealed and delivered, of all his "right, title and estate . . . in and to any of the securities and property now held in trust" by certain trustees for his benefit, requires no consideration and is valid as an executed gift.

A provision in such conveyance that the property is to be held by the grantees in equal shares "on and after the expiration of all life interests in said property" fixes the termination of the life estates as the time when the title vests in the beneficiaries.

PETITION, for instructions by Samuel W. Curriden, of Washington, D. C., John D. Bridge and Edward N. Pearson, both of Concord, in said county, trustees of a fund created by the late William E. Chandler. The trustees join as defendants John P. H.

Chandler, his wife Madeleine V. Chandler and his minor son, John P. H. Chandler, Jr., all of Portsmouth in the county of Rockingham. Elwin L. Page of Concord has been appointed guardian *ad litem* of John P. H. Chandler, Jr.

The petitioners represent:

(1) That William E. Chandler, late of said Concord, died November 30, 1917, leaving three sons by his first wife, Ann C. Chandler, namely, Joseph G., William D., and Lloyd.H. Chandler, and one son by his second wife, Lucy L. Hale Chandler, namely, the defendant John P. H. Chandler; that said Lucy L. Hale Chandler predeceased him, in the year 1915, and he never had any other children by either of said marriages;

(2) That by and under a marriage-settlement deed of trust dated December 23, 1874, on the eve of his marriage to said Lucy L. Hale Chandler, said William E. Chandler transferred certain bonds and other intangible personal property to trustees for the following purposes: to pay the income to said Lucy L. Hale Chandler during her life; with the right to use portions of the principal under certain circumstances; and upon the death of said Lucy L. Hale Chandler, (a) to pay to each child of such second marriage a preliminary share of the principal equivalent to the amount of principal which any one of the donor's three sons by his first marriage might realize from a certain other trust fund previously established by him for their sole and equal benefit, and (b) to pay the residue of the principal in equal shares to all the donor's children by both marriages, or in default of such children to his heirs at law; with the provision that "in determining any question arising under this trust-deed the children of any of my children shall be deemed as entitled to the parent's share;" that by a subsequent agreement between the parties in interest, in which the defendant, John P. H. Chandler, joined on attaining his majority, the time for distribution of the fund established by this marriage settlement deed was postponed until the death of said William E. Chandler in case he should, as he in fact did, outlive said Lucy L. H. Chandler;

(3) That on June 19, 1914, John P. H. Chandler executed and delivered to Madeleine V. Chandler, for the benefit of her and her issue a sealed instrument of the following tenor:

"Boston, Mass., June 19, 1914.

Conveyance and Settlement by John P. H. Chandler to and upon his wife, Madeleine V. Chandler and their son John P. H. Chandler, Jr., and any other children that may be born to them.

The undersigned, John P. H. Chandler of Warner, Merrimack County, New Hampshire, does hereby convey to and settle upon his wife, Madeleine V. Chandler and their son John P. H. Chandler, Jr., and any other children that may be born to them, all the right, title and estate of the said grantor in and to any of the securities and property now held in trust by Samuel W. Curriden and Crammond Kennedy of Washington, D. C., under and by virtue of a deed of trust made for the benefit of his sons, by William E. Chandler in the year 1874 upon the occasion of his marriage to Lucy Lambert Hale; the property hereby conveyed to be held by the said Madeleine V. Chandler and her child or children in equal shares *per capita* on and after the expiration of all life interests in said property.

(Signed) John P. H. Chandler [seal]";

That the trustees of the Chandler fund at that time were duly notified of this conveyance and settlement, but it was supported only by a moral as distinguished from a valuable consideration so far as the petitioners can ascertain. At the time of its execution the defendant Madeleine V. Chandler, was of full age, but the defendant, John P. H. Chandler, Jr., was and still is a minor, and while no other children have since been born to Madeleine, she is still of child-bearing age;

(4) That the trustees now hold securities and cash to the value of approximately eighty thousand dollars belonging to said fund, they have concluded an agreement with all the donor's sons and the defendant, Madeleine V. Chandler, concerning the amount of John P. H. Chandler's preliminary share, and they are ready to settle their account and distribute the fund when judicially advised to whom his preliminary and residuary shares are lawfully payable. But John P. H. Chandler now claims that the conveyance and settlement executed by him June 19, 1914, was invalid and inoperative because it lacked a valuable consideration, because the subject-matter was incapable of delivery, and because it was designed in part for the benefit of unborn children, and was not expressly made in the form of a trust, and that said shares should accordingly be paid to him regardless of said instrument.

The petitioners desire instructions as to the validity of the conveyance and settlement made by John P. H. Chandler and when and to whom the trust funds are payable.

Transferred, without a ruling, from the April term, 1919, of the superior court, by *Marble*, J.

*Streeter, Demond, Woodworth & Sulloway,* for the petitioners.

*William W. Thayer* and *Harry J. Brown* (*Mr. Thayer* orally), for John P. H. Chandler and Madeleine V. Chandler.

*Elwin L. Page,* (by brief and orally), *pro se.*

PLUMMER, J. The conveyance by John P. H. Chandler to his wife and children is valid. The fact that there was no delivery of the property conveyed does not render the transfer invalid. The property was trust funds, and was in the possession of trustees. It was not in the power of the grantor to make a manual delivery of the property. He did all that it was possible for him to do in making and delivering to Madeleine V. Chandler a conveyance under seal, and that was sufficient. The deed under seal took the place of a physical transfer of the property. It was the best transfer that the grantor could make under the circumstances. The delivery of a deed under seal is deemed to be a delivery of the property conveyed. *Irons* v. *Smallpiece,* 2 Barn. & Ald. 551; *Kekewich* v. *Manning,* 1 De G. M. & G. 187; Perry on Trusts (6th ed.) *s.* 102; *Hogue* v. *Bierne,* 4 W. Va. 658, 671; *Matson* v. *Abbey,* 70 Hun 475, 477; *McCutchen* v. *McCutchen,* 9 Port. (Ala.) 650; *Walker* v. *Crews,* 73 Ala. 412; *McEwen* v. *Troost,* 1 Sneed 186; *Caines* v. *Marley,* 2 Yerg. 582.

It is sought to set the conveyance aside because it was not supported by a valuable consideration. No consideration is required to render this transaction valid. The conveyance was a voluntary gift. And a gift not only does not require a consideration but there can be none, for a gift is "a voluntary transfer of his property by one to another, without any consideration or compensation therefor." *Gray* v. *Barton,* 55 N. Y. 68, 72; 2 Bl. Com. 440; 20 Cyc. 1192. A gift perfected by delivery of a deed of gift is complete, although made without consideration. *Ham* v. *Van Orden,* 84 N. Y. 257, 269; *Fulton* v. *Fulton,* 48 Barbour 581, 590.

The deed of settlement being valid, it becomes necessary to determine who are the beneficiaries under it, and when their title to the property vests. The vital inquiry is whether the language of the conveyance limits the beneficiaries to the wife of the grantor and their children born before the termination of the life estates, or whether children, who might be born after the expiration of the life estates, take. The concluding sentence of the deed of settlement

is as follows: "the property hereby conveyed to be held by the said Madeleine V. Chandler and her child or children in equal shares *per capita* on and after the expiration of all life interests in said property." Giving this language its ordinary and usual meaning (*Perry* v. *Company*, 78 N. H. 346) Madeleine V. Chandler and her child or children were to receive the property at the expiration of the life estates. In other words, the termination of the life estates was to determine the time when the property should vest in the beneficiaries. This would indicate that only the children born prior to the conclusion of the life estates were to participate in the settlement. If such were not the intention, the deed of settlement would not contain the provision that the property should vest in the beneficiaries at the expiration of the life estates. A careful consideration of the language of the conveyance leads to the conclusion that only the children born prior to the expiration of the life estates can take as beneficiaries under the deed of settlement. As no children were born between the date of the instrument, and the termination of the life estates, the time fixed for the *per capita* division, it is unnecessary to determine the effect of a voluntary assignment, not expressly made by way of trust, for the benefit of unborn children.

The petitioners are advised that the deed of settlement is valid; and that they should distribute the property conveyed by it, in equal shares to Madeleine V. Chandler, and to the guardian of John P. H. Chandler, Jr.

*Case discharged.*

All concurred.