## BOTHIN REAL ESTATE CO. v. COMMIS-SIONER OF INTERNAL REVENUE.*

### No. 8362.

Circuit Court of Appeals, Ninth Circuit.

May 24, 1937.

John C. Altman, of San Francisco, Cal. (Willard L. Ellis, of San Francisco, Cal., of counsel), for petitioner.

Robert H. Jackson, Asst. U. S. Atty. Gen., and Sewall Key, Norman D. Keller, W. Croft Jennings, and Edmund W. Pavenstedt, Sp. Asst. U. S. Attys. Gen., for respondent.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

GARRECHT, Circuit Judge.

This case involves corporate income taxes for the year 1928 and comes to this court by petition to review a decision of the United States Board of Tax Appeals entered August 14, 1936.

The question for decision here presented is, Should the basis of determination of gain or loss upon the disposition by petitioner of stock transferred to it without consideration by petitioner's sole stockholder be, (1) the cost of the stock to the stockholder, or (2) the fair market value of the stock at the time of the transfer to petitioner?

The applicable statute involved will be found in the margin.[1]

The specifications of error urged by the petitioner are as follows:

"The Board of Tax Appeals erred:

"1. In holding that the original or unadjusted basis for the computation of gain on the disposition of the East Bay Water Company stock was not the fair market value of such stock when transferred to petitioner, as paid-in surplus, but rather was the cost of such stock to Mr. Bothin, the transferor.

"2. In holding that the transfer by its sole stockholder to petitioner as paid-in surplus of the East Bay Water Company stock, constituted a gift within the meaning of Section 113(a) (2) of the Revenue Act of 1928.

"3. In holding that the transfer by its sole stockholder to petitioner as paid-in surplus of the East Bay Water Company stock, constituted a transfer subject to the provisions of Section 113(a) (8) of the Revenue Act of 1928."

The facts are brief and not disputed.

---

[1] Revenue Act of 1928, 45 Stat. 815–820.

"§ 111. (a) * * * The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 113(b)." 26 U.S.C.A. § 111 note.

"§ 112 (b) (5) No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation." 26 U.S. C.A. § 112 (b) (5) and note.

"§ 113 (a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—* * *

"(2) If the property was acquired by gift after December 31, 1920, the basis shall be the same as it would be in the hands of the donor or the last preceding owner by whom it was not acquired by gift. * * *

"(8) If the property was acquired after December 31, 1920, by a corporation by the issuance of its stock or securities in connection with a transaction described in section 112 (b) (5), * * * then the basis shall be the same as it would be in the hands of the transferor." 26 U.S. C.A. § 113 note.

*Rehearing denied July 19, 1937.

The petitioner was incorporated in the year 1906, at which time the entire $500,000 authorized capital stock of petitioner was issued to Henry E. Bothin. Mr. Bothin continued thereafter, and until his death in October, 1923, to remain the owner of all of the issued and outstanding stock of the petitioner and no shares of stock were ever issued by petitioner other than those issued in 1906.

At all times petitioner was engaged principally in the business of owning, operating, and dealing in real estate. Between January 1, 1920, and September 26, 1923, the petitioner expanded its realty holdings, investing approximately $750,000 in such expansion program and correspondingly increasing its mortgage indebtedness. A portion of such indebtedness was represented by loans made to petitioner by Mr. Bothin, who in turn had pledged with a bank, as collateral, 4,077 shares of class B stock of the East Bay Water Company, owned by him, for loans from said bank of approximately $100,000 to Bothin and $100,000 to petitioner. These sums were used for the use and benefit of the petitioner.

On September 26, 1923, Bothin transferred to petitioner 600 shares of class A cumulative preferred stock of East Bay Water Company, said shares having been purchased by him in November, 1917, for $42,246.25 and owned by him thereafter until the date of transfer.

On September 27, 1923, Bothin transferred to petitioner 4,077 shares of class B noncumulative preferred stock of East Bay Water Company, said shares having been purchased by him at various times during 1917 and 1918, for the aggregate sum of $61,086.22, and owned by him thereafter until the date of transfer.

These transfers were recorded on petitioner's books of account as paid-in surplus. No consideration was paid by petitioner to Bothin on account of said transfers of stock to it. At the time of these transfers, Bothin was seriously ill of heart disease, knew of petitioner's urgent need of liquid assets, knew of the difficulties occasioned by petitioner's expansion of its realty business, and had expressed a desire to avoid tying up his estate with its resultant injurious effect upon petitioner. However, these transfers were not made for the purpose of in any way avoiding tax.

The fair market value on September 26, 1923, of the 600 shares of class A preferred stock of the East Bay Water Company was $71,000; and the fair market value on September 27, 1923, of the 4,077 shares of the class B preferred stock was $301,188.37.

On September 11, 1928, the petitioner received in liquidation of 200 shares of the class A stock acquired from Mr. Bothin cash in the sum of $20,000, the remaining 400 shares having been sold in the prior year; and on the same date received in liquidation of the 4,077 shares of class B stock acquired from Mr. Bothin cash in the sum of $433,727.56.

For the purpose of computing the gain on the liquidation or disposition of the foregoing shares of the East Bay Water Company stock, the petitioner, in making its income tax return for the year 1928, used as its original, or unadjusted basis, the fair market value of the stock at the date of transfer to it.

The Commissioner of Internal Revenue determined, however, that the gain to petitioner should have been computed on the basis of the cost of the stock to Bothin, under the terms of section 113(a) (2) of the Revenue Act of 1928, 26 U.S.C.A. § 113 note. Pursuant thereto the Commissioner determined a deficiency in tax for 1928, holding that the transfer by Bothin was in the nature of a gift.

The Board of Tax Appeals held that petitioner should have used the same basis as Bothin would have been required to use, and upheld the Commissioner's determination.

In arriving at its conclusion that the basis of determination of gain or loss upon the disposition by petitioner of the stock transferred to it by Mr. Bothin, petitioner's sole stockholder, was the cost of the stock to the stockholder and not the fair market value of the same at the time of transfer to petitioner, the Board made reference to the following decisions: Commissioner v. Rosenbloom Finance Corporation (C.C.A.3) 66 F.(2d) 556; and King v. United States (C.C.A.4) 79 F.(2d) 453.

The petitioner concedes that, if the transfer of these shares of stock had been made to it by an individual, not a stockholder, there could be no question but that the transfer would have constituted a "gift." But petitioner maintains that here Mr. Bothin, the transferor, was the sole stockholder of petitioner and any increase in its net worth by reason of the transfer would be reflected in the book value of his shares

of stock and that such enhancement in the value of the stock of petitioner held by Mr. Bothin constituted an adequate consideration for the property transferred to petitioner and hence the transfer cannot be regarded as a "gift" under section 113(a) (2).

Petitioner further contends that section 113(a) (8) by its very terms has reference solely to a situation where stock or securities are issued by a corporation in exchange for property transferred to it, and that, therefore, where no stock or securities were issued by petitioner to Mr. Bothin in exchange for the shares of stock, there can be no basis for the application of section 113(a) (8).

In the case of King v. U. S. (D.C.Md.) 10 F.Supp. 206, where the issues were similar to those under consideration here, the District Court held that the transaction constituted either a transfer of stock or a gift and that in either event the taxpayer could not escape taxation.

After stating (page 209) that "the transaction disclosed in this case would seem to clearly come within the ordinary legal definition of gift, the essential nature of which is a completed transfer of property without consideration, irrespective of motive," the court went on to hold that the tax was also applicable under the provisions of section 113(a) (8). Answering the argument here made that this subsection could not be applied because the petitioner had issued no stock or securities in connection with the transaction under consideration, it was said: "Here we have in substance a one man corporation where the issuance of additional stock would be of little or no financial substance. It made no material difference to the stockholder whether additional shares of stock were issued or not as the value of all the stock held by him would remain substantially the same irrespective of the mere number of shares. In the financial sense, therefore, the conveyance of additional property to the corporation resulted in an increased value of the stock which had originally been issued to its sole stockholder and it does not seem to do any great violence to the language of the statute to treat the transaction in substance as the issuance of securities for property transferred."

This case was appealed to the Circuit Court of Appeals for the Fourth Circuit, King v. United States, 79 F.(2d) 453, 455. There the court said (page 455): "It is contended on behalf of the plaintiff that the transfer by Berliner to the Gramaphone & Securities Corporation of the Talking Machine stock was not a gift within the meaning of section 204(a) (2) of .the Revenue Act of 1926, and further, that it was not an acquisition of property by the transferee corporation in consideration of its stock or securities within the meaning of section 204(a) (8) of said Revenue Act, but that said stock, when so transferred to the corporation, became paid in surplus, and therefore would not come within the plain provisions of the Revenue Act."

It is to be observed that these contentions are identical with those here made. That opinion concludes as follows (page 456):

"In his opinion the judge below reviews the legislative history of the act as shown in the Congressional Record, and, in our opinion, properly concludes that the interpretation given the act by him was clearly the intent of Congress in its enactment.

"Having reached the conclusion that the tax in question was properly collected under section 204(a) (8), it is not necessary to discuss the point raised that the transfer of the Talking Machine Company stock was a gift to the corporation. In Commissioner v. Rosenbloom Finance Corporation, 66 F. (2d) 556, the Circuit Court of Appeals for the Third Circuit held that a transfer of stock under similar conditions was a gift. The judge below ably reasons that the transfer must either have been a gift or a transfer for stock. We think it was the latter; in any event the court below reached the proper conclusion in sustaining the demurrer to plaintiff's declaration."

In this case we think the transfers in question constituted a gift.

The Revenue Act itself does not define the term "gift" as used in section 113(a) (2). Petitioner, among other definitions, cites the following:

"Section 1146 of the Civil Code of the State of California defines a gift as follows:

" 'A gift is a transfer of personal property, made voluntarily, and without consideration.'

"In 28 Corpus Juris, 620, we find the following definition of the term 'gift':

" 'A gift has been defined as a voluntary transfer of property by one to another, without any consideration or compensation

therefor. The term is also used to designate that which is given; anything given or bestowed; any piece of property which is voluntarily transferred by one person to another without compensation. A gift is a gratuity, and not only does not require a consideration, but there can be none; if there is a consideration for the transaction, it is not a gift. A gift is dependent upon no agreement, but upon voluntary act of the donor only.'

"Or as stated in Noel v. Parrott (C.C. A.4) 15 F.(2d) 669, 671:

"'A gift is a voluntary transfer of his property by one to another without any consideration or compensation therefor. Gray v. Barton, 55 N.Y. 68, 14 Am.Rep. 181; Curriden v. Chandler, 79 N.H. 269, 108 A. 296. Although it is held that the motive accompanying a gift is not material, gifts usually proceed from the generosity of the giver; and, where there is any doubt as to the nature of the transaction, the absence of such motive is a pertinent circumstance for consideration. It is an essential characteristic of a gift, however, that it be a transfer without consideration. If there is a consideration for the transaction, it is not a gift.'"

Petitioner then says, "It will thus be seen that the sine qua non of a 'gift' is absence of consideration. * * *"

At the hearing before the Board of Tax Appeals, while Mr. Maas, petitioner's manager, was testifying in its behalf, he was narrating the history of certain business transactions occurring immediately prior to the transfer of the stock here involved, and as the record recites:

"Thereupon the following colloquy took place between counsel for the parties and between the trial Member resulting in the stipulation between the parties hereinafter set forth:

"Mr. Gibbs: Let me ask, Mr. Altman, is the purpose of this testimony in any way to show that there was a consideration for the transfer of this stock?

"Mr. Altman: None whatsoever. I may for his Honor and Mr. Gibbs state that the sole purpose of this testimony is to show the absolute need at this moment of the petitioner for liquid capital, owning a tremendous amount of real estate, to show he had the conversations and to show there was no discussion of tax aspects; to show his death on October 14th, seventeen days later, and to show that the reason he was doing this was because Mr. Bothin realized he was very seriously ill, and he did not want the estate to be tied up and petitioner corporation at a loss to get money in. That is the sole purpose of all the testimony I am developing.

"Mr. Gibbs: Well, if it will serve any useful purpose, and as long as it is understood there was no consideration paid, I am willing to stipulate that this transfer was not made for the purpose of in any way avoiding tax.

"The Member: Is that satisfactory to the petitioner's counsel?

"Mr. Altman: I am very well satisfied with that stipulation, your Honor.

"The Member: The record will so show."

Thus, if there was no consideration for these transfers under petitioner's own authorities, the transaction was a gift under section 113(a) (2). Commissioner of Internal Revenue v. Rosenbloom Finance Corporation, supra.

Affirmed.