EPHRAIM BANKS AND LIBBY K. BANKS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29563.    Promulgated February 28, 1952.

*Bernard L. Klein, C. P. A.,* and *Ephraim Banks, pro se,* for the petitioners.

*S. Jarvin Levison, Esq.,* for the respondent.

**OPINION.**

HARRON, *Judge: Issue 1.* The petitioner contends that the payments aggregating $2,562.50 were gifts and that they should be excluded from his gross income under the provisions of section 22 (b) (3) of the I. R. C.

The respondent contends that the appointments by the Institute of the petitioner to its research staff contained the elements of a contract of employment; that the monthly payments were compensation for petitioner's services, and that, therefore, they are includible under section 22 (a) of the Code.

In this proceeding, the question to be decided is primarily a question of fact. The facts are to be determined from the letters of appointment which were filed in evidence, and from the general facts.

The evidence shows that the petitioner had received the A. B. and the M. A. degrees in chemistry, and that he received the appointments from the Institute because he possessed the education, skill, and training to do research work on the Navy contract which had been awarded to the Institute. The original and subsequent appointments appointed the petitioner to the Institute's research staff as a research

fellow, and they clearly specified that the petitioner would be expected to work on the Navy contract research project 35 hours each week and that he would receive a salary ("stipend") of a designated amount (which varied under each appointment). We must conclude, and we have found, that in making the appointments the Institute intended to engage the petitioner's services and to compensate him for his services, and that the Institute did not intend to make a gift of the payments to the petitioner.

One of the essential requirements of a gift is the lack of consideration. *Old Colony Trust Co.* v. *Commissioner*, 279 U. S. 716; *Noel* v. *Parrott*, 15 F. 2d 669, certiorari denied 273 U. S. 754; *Bothin Real Estate Co.* v. *Commissioner*, 90 F. 2d 91; *Virgil P. Ettinger*, 36 B. T. A. 264. And if the payment is intended as payment for services, as we think clearly was the intent here, it must follow that there was no gift within the intendment of section 22(b)(3) of the Code. Intent is to be found from the payor's characterization of the payments. The Institute, in the respective appointments, characterized the monthly payments as either a "stipend" (a literary expression meaning salary or compensation), or a "salary." The petitioner accepted the payments as compensation for his services. The appointments provided that the petitioner would be entitled to take vacation leave on the basis of 3 weeks per year, at such time as would suit the needs of the project and the convenience of the research director, Dr. Ward. The provision for and allowance of a vacation is now customary in contracts of employment.

Other indication of an intent to establish an employer-employee relationship is found in the specification that the petitioner would be assigned to do research work on the project under the direction of Dr. Ward and his associates and that he would be expected to work 35 hours each week, which was close to a 40-hour work week of 5 days of 8 hours each day. The petitioner was required to give periodic written reports on his findings and research to the director of the research. Also, the petitioner was advised, in the original appointment, that the Bursar's office would withhold Federal income tax on the salary payments, which was done, which is additional evidence of intent to make payments of salary rather than gifts of funds.

The respondent relies upon a recent ruling of the Treasury Department, I. T. 4056, I. R. B. No. 17, p. 2 (August 20, 1951)* where it was held that research fellowship awards, of four types described in the ruling, may not be regarded as gifts but constitute compensation for services rendered by the recipient of the fellowship award, taxable as income under section 22 (a). The facts in this proceeding support the conclusion that payments under fellowship awards here

---

*1951–2 C. B. 8.

involved are includible in the gross income of the recipient with greater force than the facts set forth in I. T. 4056 because in the examples given there the research was not directed or supervised by the grantor, and was planned and devised by the grantees, and the grantor did not require reports from the grantees.

Although the petitioner was a graduate student while doing research work under the appointments, i. e., while he was a member of the Institute's research staff, he had training and skill and evidently received the appointment because he was qualified to do skilled and technical research work. He, therefore, gave something of value for the payments he received, and he received compensation for his skilled work. It cannot be said that the Institute made the monthly payments and received nothing in return. It received the skilled services of the petitioner on a project which the Navy had awarded to the Institute for the purpose of obtaining scientific information and analysis. Cf. *United States* v. *Robertson* (C. A. 10), 190 F. 2d 680; *Herbert Stein*, 14 T. C. 494, 501.

It is true that the petitioner, while working under the appointments, was enrolled as a full time graduate student, attended graduate courses, and was allowed to use some if not all of the research work he did in satisfaction of part of the requirements for his doctorate degree. However, he paid, i. e., payment was made for him under the Veterans statute, the full graduate school tuition, and the payments under the appointments were not at all in lieu of the Institute's tuition fees. The appointments of the Institute did not leave the petitioner free to devote all of his time and efforts to the pursuit of his graduate courses and educational work in satisfaction of his doctorate requirements. No doubt the research appointment enabled the petitioner to enroll as a full time rather than as a part time graduate student, and provided him with the employment and income for which, otherwise, he would have had to look elsewhere. Also, the appointment may have shortened the time within which he was able to complete all of his preparations for receipt of his Ph. D. degree in chemistry. Nevertheless, the evidence shows clearly and beyond any doubt that the appointments to the Institute's research staff under a research fellowship were not grants or fellowships which were solely or primarily for the training and education of the petitioner *without his rendering services in consideration for the monthly payments which he received*. It is true that the petitioner made use of the research which he did for pay, all or part of it, in his doctorate dissertation, but this was merely the fortuitous circumstance that the work he was paid to do could be utilized in partial fulfillment of his work for his doctorate, and that he was permitted to make such use

of the research. However that may be, the fact remains that the petitioner rendered services for compensation.

The essential elements of a gift are not present here. It is held that the amount of $2,562.50 is includible in petitioner's income under section 22 (a) of the Code, and is, therefore, subject to Federal income tax.

*Issue 2.* Having decided the first question against the petitioner, we must consider an alternative contention which he makes, which is whether he is entitled to deduct $509 as an expense. This contention is wholly without merit, and it is unnecessary to discuss aspects of the question which are apparent. The petitioner did not include the payment in his income, and whether he did or did not, the payment of his tuition and book expenses by the Veterans Administration in his behalf was not to be included in his income and was exempt from tax. I. T. 3702, 1944 C. B. 74. That being true, the petitioner did not have an expense of $509 from a tax standpoint. Section 24 (a) (5). No income is taxed which was devoted to the expense. We need not and do not decide whether the educational expenses for tuition and books would be allowable in any event as a business expense under section 23 (a) (1) (A). The point is that if the deduction claimed were to be allowed, the effect would be to give the petitioner a double deduction for one item, since it is not includible in his taxable income. The claimed deduction is denied. Cf. Regulations 111, sec. 29.24–4.

*Decision will be entered for the respondent.*