445 P.2d 984

J. Wendell BAYLES, Plaintiff,

v.

STATE TAX COMMISSION, Defendant.

No. 11144.

Supreme Court of Utah.

Oct. 14, 1968.

---

1. 19 S.D. 394, 103 N.W. 648 (1905).

J. Wendell Bayles, Roger H. Thompson, Salt Lake City, for plaintiff.

Phil L. Hansen, Atty. Gen., Henry L. Adams, Gilbert Athay, Asst. Attys. Gen., Salt Lake City, for defendant.

ELLETT, Justice:

The plaintiff asks this court to review a decision of the defendant, State Tax Commission, wherein certain fellowship and scholarship awards were determined to be taxable income to the plaintiff. The amount of the tax involved is small, but the principle of the ruling to be made is of importance to the many students in the colleges and universities of this State who are eligible for such assistance.

The facts are not in dispute and are in substance as follows:

The plaintiff received an LL.B. degree from the University of Utah College of Law in June, 1965. Prior to graduation he received the sum of $781 out of state revenue granted to the University and disbursed through the University Research

Committee. The stipend was given to the plaintiff to assist in his educational enhancement and not for any services to be rendered to the University or to its research committee. There was no return to the University save the satisfaction of helping an outstanding student better to prepare himself to serve society in a professional way.

The only requirement made of the plaintiff was that he devote 20 hours of unsupervised work per week on an approved research project of his own choosing. In addition thereto, he had to enroll for at least 10 hours of credit per quarter.

After receiving his law degree and after being admitted to the Bar of this State for the practice of law, he attended the New York University, taking specialized courses in his chosen field of tax law. Before going to N. Y. U. he was employed by a local law firm, and pursuant to the wishes of his employers he took these advanced courses in tax law. After finishing the courses he returned to his former employment.

While attending N. Y. U. he received the sum of $1980 in the form of a fellowship grant, and to receive this amount he was required to do research, which requirement was fulfilled by his serving for one quarter on the student staff of the Tax Law Review, a publication of the New York University Law School, which was published solely for the training of the students and not for the profit of N. Y. U.

The plaintiff contends that the awards were in the nature of gifts to him and were not income to be included in his tax return. He further contends that even if the funds from N. Y. U. are includible as income to him, he is entitled to take a deduction for the expenses incurred at that school because he already was admitted to the practice of law and was qualified as a tax consultant and consequently was not preparing himself for a new or different trade, business, or profession, but was simply improving a skill already possessed.

The contentions presented to us have not heretofore been considered by this court, and a proper resolution of the problems posed will require a consideration of certain statutes of this State. The statutes involved are found in Utah Code Annotated 1953, Replacement Vol. 6, and so far as material to this decision are as follows:

59–14–4.  Gross income—Computing.

(1) Gross income includes gains, profits and income derived from salaries, wages or compensation for personal service of whatever kind and in whatever form paid, or from professions, vocations, trade, businesses, commerce or sales or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property, also from interest, rent, royal-

ties, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits, periodic payments received as alimony only, and income derived from any source whatever.

\*    \*    \*    \*    \*    \*

(2) The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

\*    \*    \*    \*    \*    \*

(c) The value of property acquired by gift, bequest, devise or inheritance
\*  \*  \*

\*    \*    \*    \*    \*    \*

Prior to 1954 the Federal statutes defining "income" and "gifts" were practically identical to the present Utah statutes. Int. Rev.Code of 1939, § 22(a), (b) (3). Reference to Federal cases which dealt with the old statute would be of assistance to us in arriving at a correct determination of the issues here involved.

The Tax Court of the United States has held that scholarships can be classified as income or gifts depending on the facts of the particular case. In Ephraim Banks, 17 T.C. 1386 (1952), and Ti Li Loo, 22 T.C. 220 (1954), the Tax Court held that the amounts received by graduate students in the form of research fellowships for work not done solely for academic credit should be included in their gross income. In each of these cases the Tax Court held that the relationship of employee and employer existed between the taxpayer and the institution granting the research fellowship. In both cases the work was performed pursuant to a contract between the employing institution and the government, and the work was assigned and done under orders of supervisors. In the Banks case the taxpayer was expected to work 35 hours each week on the research project, and the taxpayer was granted three weeks of vacation. Also, Federal income tax was withheld from the taxpayer's monthly stipends. In the Ti Li Loo case the United States was granted the exclusive right for any patentable discovery that the taxpayer may have discovered during his research. Although these two opinions held against the taxpayer, the Tax Court conceded that the question of whether the sums received from these fellowships were taxable as income or were gifts was a question of fact and would turn on the considerations of each case.

A fact situation more similar to the one before this court was presented to the Tax Court in George Winchester Stone, Jr., 23 T.C. 254 (1954). In that case, the taxpayer received a grant of $1,000 from the John Simon Guggenheim Foundation in order to continue work on a series of books dealing with 18th century drama. The Guggenheim Foundation was a charitable institution created for the purpose of ad-

vancing and diffusing knowledge by aiding scholars and scientists in the prosecution of their labors. The Tax Court held that the amount given the taxpayer by the Foundation was a gift and was not includible in the taxpayer's gross income. The court distinguished the Banks and Ti Li Loo cases, supra, by noting that the grant was in the nature of a scholarship to facilitate the further education or training of the recipient. The court indicated that the taxpayer's research was in a field of his own selection, that the taxpayer was under no obligation to perform services for the Foundation or any other person, and that the relationship between the Foundation and the taxpayer was not an employment contract.

At page 261 of the Stone case, supra, the opinion states:

> We have found that the fellowship payment to the petitioner was a gift. On this issue the controlling factor is the intent of the payor. Bogardus v. Commissioner [of Internal Revenue], 302 U.S. 34 [58 S.Ct. 61, 82 L.Ed. 32] (1937). It is obvious that the foundation intended it as a gift. The object of the foundation is to *aid* scholars, scientists, and artists in the prosecution of their labors. The donor of the capital fund stated that the income was to be used *to provide opportunities for men and women to carry on advanced study*. The secretary of the

foundation testified that the fellowship awards were intended as gifts.

■ In the instant case the funds received by plaintiff from the University of Utah came originally from the uniform school funds of the State of Utah. If such funds are taxable to the recipient, it would seem that every student in Utah from kindergarten to college should include as income the value of the schooling received, including any free lunches furnished to him. Such benefits are paid for by the State for the education and improvement of the individual student, and that is exactly the situation in this case. The state funds were made available to enable the plaintiff to complete his education. There was no service rendered to the school. There was no project being pursued for the benefit of the donor or anyone else except the plaintiff, in that he received educational benefit from the work he did.

As to the funds received from N. Y. U., the parties stipulated that such funds were made in the form of scholarship assistance rather than pay for services rendered and were not connected with any expectation of pecuniary benefit to the law school. In fact, the funds were out of a trust known as the Thaddeus Davis Kenneson Foundation conditioned as follows:

> After my death, the income thereof shall be applied, in the discretion of the Council of New York University, for

scholarships to worthy and promising students in the Law School of said University, or to graduate students doing legal research in the Law School, or for the publication of the results of such research, or to defray the costs of any lectures or courses of lectures in said Law School, or for any or either of said purposes.

It seems to us that assistance by way of scholarships and fellowships given to promising students to assist them in completing their education or to increase and improve their knowledge such as that given in this case should not be included as income to the recipient. We do not think the Legislature intended to award a grant of public funds for educational purposes only to recover back a part thereof by means of the income tax law. We further think funds received from a charitable trust set up specifically to assist worthy students in obtaining and improving their educational training are in the nature of gifts and not income when the sole purpose to be accomplished is for the benefit of the recipient.

The decision of the Tax Commission is reversed and set aside, and this matter is remanded for such further proceedings in connection therewith as may be proper and in harmony with this opinion.

CROCKETT, C. J., and TUCKETT, CALLISTER and HENRIOD, JJ., concur.