**Dorothy STEINMETZ, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 71–1450.

United States District Court, N. D. California.

May 18, 1972.

J. Donald Pettus, Irving Slater, San Francisco, Cal., for plaintiff.

James L. Browning, Jr., U. S. Atty., Edward O. C. Ord, Asst. U. S. Atty., San Francisco, Cal., for defendant.

## OPINION, ORDER AND JUDGMENT

SCHNACKE, District Judge.

This is a suit for refund of Federal income taxes for 1964, 1965 and 1966, in which defendant has moved for summary judgment. Affidavits have been submitted by both parties.

Plaintiff is a candidate for the degree of Ph.D. in German at the University of California at Berkeley. She is also engaged by the University as a teaching assistant (commonly referred to as "T. A.") in the German Department. Affidavits from various members of the University administration and staff, from the Chancellor on down, establish, without dispute by plaintiff, the following:

T. A.'s are selected without regard to their financial need; although their academic record is considered, they are not required to be of the outstanding caliber required for honorary scholarships or fellowships; their duties consist of instruction of undergraduates for a specified number of hours per week; holding office hours for consultation with individual undergraduates; spending a certain number of hours preparing for each hour taught; and assisting the regular faculty in preparing examinations. Their overall activities are subject to supervision and control by regular members of the faculty; if they do not measure up to the required standards, they are discharged. The situation disclosed by the affidavits can be summed up by saying that their role is essentially that of assistant instructors in their respective fields. Whether experience as a T. A. is required for obtaining the degree plaintiff seeks is not entirely without dispute, but is irrelevant in the Court's view for the reasons stated below. In any case the University deems T.A.'s employees for tax purposes, and accordingly withholds the appropriate sums from the T. A.'s pay as in the case of any other employee.

Scholarships and fellowship grants are, under certain limitations, excluded from income under § 117(a), which was enacted in the 1954 Code in an attempt to clarify the prior confusion as to the taxability of amounts paid as so-called "scholarships" under widely varying circumstances, which issue was particularly troublesome in the case of degree candidates who received stipends tied to teaching or research work. See, e. g., I.

T. 4056, 1951–2 Cum.Bull. 8; Ephraim Banks, 17 T.C. 1386; Ti Li Loo, 22 T.C. 220; George W. Stone, Jr., 23 T.C. 254.

The exclusion of § 117(a) is limited by § 117(b) (1) which provides

"In the case of an individual who is a candidate for a degree . . . subsection (a) shall not apply to that portion of any amount received which represents payment for teaching, research, or other services in the nature of part-time employment required as a condition to receiving the scholarship or the fellowship grant. If teaching, research, or other services are required of all candidates (whether or not recipients of scholarships or fellowship grants) for a particular degree as a condition to receiving such degree, such teaching, research, or other services shall not be regarded as part-time employment within the meaning of this paragraph."

It is plaintiff's view that the last sentence of § 117(b) (1) is an independent exclusion from income of all compensation for services paid to candidates for degrees when such services are required of all candidates for such degrees. In our view it is not an exclusion at all; it is merely an exception to a limitation on an exclusion, and is applicable only in narrow circumstances.

For example, if a candidate for a teaching degree is required to perform student teaching services, then, by virtue of the exception, the limitation of § 117(b) (1) does not apply, and no part of the scholarship payment need be included in income. This does not mean that, if all candidates for a horticulture degree are required to put in some time as working gardeners, their wages somehow become a non-taxed scholarship.

In order to be entitled to the exclusion from income afforded by § 117(a) there must be a "scholarship" or "fellowship" to start with.[1] This is clear under §

117(a) (1). If it is not a "scholarship" or "fellowship", then § 117 has nothing to do with it, § 117(b) is irrelevant, and we reach neither the limitation in the case of degree candidates nor the exception to this limitation.

In implementing § 117(a) (1) (A), the Commissioner has declared in Reg. § 117–4(c) (1) that the word "scholarship" does not extend to

"Any amount paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research, if such amount represents either compensation for past, present or future employment services or represents payment for services which are subject to the direction or supervision of the grantor."

In the leading case on the subject, Bingler v. Johnson, 394 U.S. 741, 755, 89 S.Ct. 1439, 22 L.Ed.2d 695, the Supreme Court expressly endorsed this Regulation. While the facts of that case were quite different from those here, the principle is the same.

The undisputed facts outlined above clearly bring plaintiff's case within the terms of this Regulation and thus her stipend is not a "scholarship" or "fellowship" of the type contemplated by § 117(a) in the first place, and we never reach § 117(b) (1).

As an original proposition, it could logically be argued that § 117(b) (1) has pre-empted the field as regards "scholarships" or "fellowships" received by candidates for degrees, which are to be subjected only to the tests laid down therein, without regard to the general rule of § 117(a). This was in essence the approach adopted by the Court of Appeals in the *Bingler* case, 396 F.2d 258 (3rd Cir.), which, however, the Supreme Court reversed, saying, in words strikingly applicable here:

"One may justifiably suppose that the Congress that taxed funds received by

---

1. Plaintiff nowhere asserts unequivocally that she is receiving a "scholarship" or "fellowship". In her complaint, she speaks in one place of a "form of scholarship or fellowship". At another point in her complaint and in her affidavit in opposition, she refers to a "stipend."

'part-time' teaching assistants, presumably on the ground that the amounts received by such persons really represented compensation for services performed, would also deem proper a definition of 'scholarship' under which comparable sorts of compensation . . . are likewise taxable." (394 U.S., at p. 754, 89 S.Ct., at p. 1447.)

In the present case the undisputed facts show that the funds received by plaintiff as a teaching assistant are compensation for services, are therefore not a scholarship or fellowship, and are not excludable from gross income under § 117 of the Code. It follows that her action for refund is without merit.

Defendant's motion for summary judgment is granted and judgment is hereby rendered against plaintiff and in favor of defendant.