Robert N. WORTHINGTON and Svaja
V. Worthington, Petitioners-
Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent-
Appellee.

No. 72–1808.

United States Court of Appeals,
Tenth Circuit.

April 10, 1973.

Scott P. Crampton, Asst. Atty. Gen., and Thomas L. Stapleton and Charles R. Burnett, Attys., Tax Div., Dept. of Justice, have filed a memorandum in support of summary affirmance on behalf of appellee.

Before LEWIS, Chief Judge, and PICKETT and McWILLIAMS, Circuit Judges.

PER CURIAM.

Appellants [1] appeal from an adverse decision of the Tax Court sustaining the Commissioner of Internal Revenue's assessment of a tax deficiency for the year 1968 in the amount of $552.38. The issue before the Tax Court was whether $2,700.00 received by appellant during the taxable year 1968 as a teaching assistant in the English Department of the University of New Mexico was excludable from gross income for that year under the provisions of Section 117 of the Int.Rev.Code of 1954 [2]. The Tax Court found that it was not. We agree.

---

1. Mr. Robert Worthington joined in his wife's petition in the Tax Court since they filed a joint return for the year 1968. Our references to appellant refer to Mrs. Worthington only.

2. "Sec. 117. Scholarships and fellowship grants.
    "(a) General Rule.—In the case of an individual, gross income does not include—
       "(1) any amount received—
       "(A) as a scholarship at an educational institution (as defined in section 151(e)(4)), or
       "(B) as a fellowship grant,
    including the value of contributed services and accommodations; and

    "(2) any amount received to cover expenses for—
       "(A) travel,
       "(B) research,
       "(C) clerical help, or
       "(D) equipment,
    which are incident to such scholarship or to a fellowship grant, but only to the extent that the amount is so expended by the recipient.
    "(b) Limitations.—
       "(1) Individuals who are candidates for degrees.—In the case of an individual who is a candidate for a degree at an educational institution (as defined in section 151(e)(4)), subsection (a) shall not apply to that portion

The facts are not in dispute. In the fall of 1967, appellant was hired by the University as a teaching assistant in the Department of English at a remuneration of $270.00 per month. She had successfully completed work on her masters degree and was working toward her doctorate. As a teaching assistant, she taught four sections of freshman English. She taught two sections per semester during the school years 1967/1968 and 1968/1969. She had complete control of her own classes and was not directly under the supervision of the English Department other than being provided with information or a syllabus covering the subject matter to be taught.

The funds which were used to pay teaching assistants at the University, and appellant in particular, were allocated from the instructional segment of the University's budget. Loans, scholarships, and fellowships were allocated from the student aid segment of the University's budget. The primary criteria used by the state Board of Educational Finance [3] in determining the number of teaching assistants to be included in the instructional segment of the University's budget in a given year is the projected enrollment at the University for the year for which the budget is being prepared. During the year in issue, the University would have had to hire additional instructors to teach freshman English had the budget not allowed for the hiring of teaching assistants.

Appellants excluded from their gross income for the taxable year 1968 the $2,700.00 received by appellant for teaching freshman English. This amount was disallowed by the Commissioner who was of the opinion that the amount represented compensation for services rendered and thus was not within the provisions of Section 117, or, alternatively, if it were considered as a scholarship or fellowship, that it fell within the proviso of Section 117(b)(1). The Tax Court conducted a two-day hearing following which it sustained the assessment. The Court concluded, "In the instant case the record amply shows that petitioner [appellant] was paid to work rather than paid to study." The court found it unnecessary to consider the applicability of Section 117(b)(1) in view of its conclusion that the payment to appellant in 1968 represented payment for services rendered and that such payment did not constitute a scholarship or fellowship.

We have carefully reviewed the proceedings in the Tax Court, the Tax Court's opinion and cases cited therein, as well as those cited by appellants, and conclude that the decision of the Tax Court was correct.

Upon docketing, the parties were notified that we were considering summary affirmance, and of their right to file a memorandum in support of their respective positions. Appellee took advantage of such opportunity, and we now have before us appellee's memorandum in support of summary action. Appellants did not file a memorandum in opposition to summary action. Nevertheless, after a careful and thorough review of the records and files in this case, we are convinced that the judgment of the Tax Court was correct.

Affirmed.

of any amount received which represents payment for teaching, research, or other services in the nature of part-time employment required as a condition to receiving the scholarship or the fellowship grant. If teaching, research, or other services are required of all candidates (whether or not recipients of scholarships or fellowship grants) for a particular degree as a condition to re-

ceiving such degree, such teaching, research, or other services shall not be regarded as part-time employment within the meaning of this paragraph."

3. The Board serves essentially as a coordinator of the various budget requests presented by state operated schools. It analyzes the requests and forwards them to the state legislature which usually adopts the Board's recommendations.