CAROL J. GOLDSTEIN, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 9408–77.    Filed October 24, 1979.

*Abbie Goldstein,* for the petitioner.
*Janet F. Appel,* for the respondent.

OPINION

TIETJENS, *Judge:* Respondent determined a deficiency of $438 in petitioner's Federal income tax for 1974. The issues for our determination are (1) whether the payments earmarked as "food and lodging" are includable in petitioner's gross income under section 61(a),[1] and (2) whether, if the payments constitute gross income, these amounts are excludable from her income under section 119.

This case was fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and attached exhibits are incorporated herein by reference.

At the time she filed her petition, Carol J. Goldstein resided at New York, N.Y. Petitioner timely filed an individual Federal income tax return for 1974 with the Director, Brookhaven Service Center, Holtsville, N.Y.

From June 1973 through July 1975, petitioner was a member of Volunteers in Service to America (hereinafter VISTA). After an initial 2-week training period, petitioner was assigned to

---

[1]All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year in issue, unless otherwise stated.

work at the Pre-School Association of the West Side, a project which served the Upper West Side of Manhattan, N.Y. For the first 2 weeks of her assignment, petitioner was provided with room and board by a family in that community who were directly reimbursed by VISTA. She was also given a small sum of money for general living expenses.

After these 2 weeks, at the direction of VISTA, petitioner found her own accommodations in the community where she resided for the rest of her service. When she moved to her new accommodations, petitioner received a weekly payment characterized by VISTA as "food and lodging" in addition to the "living" money she already was receiving. Petitioner remained at this residence when she was transferred, in March 1974, to MFY Legal Services, Inc., a project also located on the Upper West Side of Manhattan.

The money earmarked as "food and lodging" by VISTA amounted to $2,855.61 and was reflected as income on the Form W–2 issued to petitioner and attached to her return. Petitioner treated this amount on her return as an employee business expense and adjusted her income accordingly. VISTA withheld income taxes on $4,672.51, the total amount of payments made to petitioner; however, VISTA calculated the FICA tax on amounts paid to petitioner exclusive of the $2,855.61 earmarked for food and lodging.

Petitioner contends that the money earmarked by VISTA for food and lodging was a stipend and subsistence allowance under the Domestic Volunteer Act of 1973, Pub. L. 93–113, 87 Stat. 394, 42 U.S.C. sec. 4955 (1977),[2] and therefore not section 61 gross income. Alternatively, petitioner argues that the amounts for food and lodging are excludable under section 119.

Respondent, relying on *Higgins v. United States*, an unreported case (E.D. Cal. 1972, 31 AFTR 2d 73–366, 73–1 USTC par. 9275), and *McCrevan v. Commissioner*, T.C. Memo. 1975–161, asserts that petitioner's total gross receipts from VISTA in 1974 constitute section 61 gross income and that no part is excludable under section 119.

We agree with respondent.

While neither *McCrevan* nor *Higgins* is controlling on this

---

[2]Petitioner also relies on the Economic Opportunity Act of 1964, Pub. L. 88–452, 78 Stat. 508, 42 U.S.C. 2992, but tit. VIII of that act (42 U.S.C. sec. 2991–2994d), applicable to VISTA volunteers, was repealed by the Domestic Volunteer Act of 1973, tit. VI, 87 Stat. 417.

Court, we see no reason to reject their conclusions. In *McCrevan*, we held that a VISTA worker's compensation, including a portion designated as a nontaxable living allowance, was includable in gross income under section 61(a) and not excludable under either section 119 or 912(3). Similarly, in *Higgins*, the District Court held that although plaintiff was a VISTA "volunteer," the money he received was not a gift from the Government, but compensation includable in gross income under section 61. The court refused to exclude the food and lodging allowances from his gross income under section 119, moreover, since they were cash payments, not on the business premises of his employer primarily for the convenience of his employer, nor for particular lodging required as a condition of his employment.

Section 61(a) provides a comprehensive definition of gross income. The Supreme Court has held this definition to include "undeniable accessions to wealth, clearly realized, and over which the taxpayers have complete dominion." *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 431 (1955).

The additional amounts paid to petitioner plainly increased her wealth. Although we find that petitioner was restricted by VISTA in the general location of her lodging (the Upper West Side of Manhattan), we view as minimal the limitations placed on her choice of housing. We find, with respect to her meals, no restrictions were made.

Petitioner cites numerous revenue rulings[3] and *Banks v. Commissioner*, 17 T.C. 1386 (1952), which she considers parallel to her own situation in an attempt to show that *Higgins* and *McCrevan* were wrongly decided. Revenue rulings, however, state respondent's conclusions and "do not have the force and effect of Treasury Department Regulations." *Helvering v. New York Trust Co.*, 292 U.S. 455 (1934). In any event, these particular revenue rulings are inapposite as they involve payments either primarily in the nature of welfare disbursements or specifically exempt from taxation by Congress. Similarly, *Banks* concerns tuition and book expenses paid under the GI bill of rights which are statutorily exempt from income. By contrast, the VISTA payments are plainly compensation for the services

---

[3]On this first issue, petitioner cites Rev. Ruls.: 74–322, 1974–2 C.B. 17; 73–154, 1973–1 C.B. 40; 73–87, 1973–1 C.B. 39; 71–536, 1971–2 C.B. 78; 71–425, 1971–2 C.B. 76; 70–217, 1970–1 C.B. 12; 63–136, 1963–2 C.B. 19.

which petitioner rendered. *Higgins v. United States, supra;* see 42 U.S.C. sec. 4955(b) (1977).[4]

To be excludable from income under section 119, petitioner must prove that the food and lodging were furnished (1) for the convenience of her employer, and (2) on the business premises of her employer. In addition, in order for petitioner's lodging expense to be excludable, she must prove that her acceptance of the lodging was a condition of her employment. Secs. 1.119–1(a)(1) and 1.119–1(b), Income Tax Regs.

Respondent contends petitioner has met none of these requirements. We find, however, with respect to her lodging, petitioner has met the "convenience of employer" and "condition of employment" tests which both "require a 'direct nexus between the lodging furnished and the asserted business interests of the employer served thereby.' " *Benninghoff v. Commissioner,* 71 T.C. 216, 219 (1978), affd. 614 F.2d 398 (5th Cir. 1978), citing *McDonald v. Commissioner,* 66 T.C. 223, 230 (1976). Petitioner was required to live in the Upper West Side of Manhattan, presumably to learn about and be more accepted by the community for which she was providing social services. To this extent, therefore, this case is distinguishable from *Higgins* and *McCrevan* wherein there was no evidence of a similar restriction.

Nevertheless, we hold that petitioner does not qualify for the section 119 exclusion because petitioner's meals were not furnished for the convenience of her employer, and her meals and lodging were not furnished on the business premises of her employer nor furnished in kind.

We find that petitioner's "business premises" were the Pre-School Association of the West Side from January through March 1974 and MFY Legal Services, Inc., after March 1974. We reject petitioner's contention that the entire Upper West Side of Manhattan constituted her business premises, just as we rejected a Canal Zone policeman's assertion that his business premises were the entire Canal Zone in *Benninghoff v. Commissioner, supra.* Cf. *United States v. Morelan,* 356 F.2d 199 (8th Cir. 1966); *United States v. Barrett,* 321 F.2d 911 (5th Cir. 1963).

In addition, the Supreme Court, in *Commissioner v. Kowalski,* 434 U.S. 77 (1977), held that cash payments for meals are not

---

[4]A VISTA volunteer is similar to a Peace Corps volunteer whose subsistence allowance would be includable in gross income were it not for their specific exclusion under sec. 912(3). Congress has not chosen to enact a similar provison for VISTA volunteers.

excludable from income under section 119. In so holding, the Court relied on the Senate report which explains: "Section 119 applies only to meals or lodging furnished in kind. Therefore, any cash allowances for meals or lodging received by an employee will continue to be includible in gross income to the extent that such allowances constitute compensation." (S. Rept. 1622, 83d Cong., 2d Sess. 190–191 (1954).) Although *Kowalski* dealt only with cash payments for meals, it is clear that the same legislative intent would apply in cash payments for lodging. See sec. 1.119–1(c)(2), Income Tax Regs.

Petitioner cites other authorities to support her position that these allowances are excludable under section 119. However, none deals with this section, but either with section 162 deductible business expenses, or with payments not includable in income under section 61.

The cash payments earmarked by VISTA as food and lodging allowances, therefore, are includable in petitioner's gross income, since they are in the nature of compensation and are not excludable under section 119 because the meals were not furnished for the convenience of her employer and the meals and lodging were not furnished on petitioner's business premises nor in kind.

*Decision will be entered for the respondent.*