James J. DUFFEY, Jr. and Maureen O. Duffey, Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 81–2050.

United States Court of Appeals, Eighth Circuit.

Submitted April 29, 1982.

Decided May 5, 1982.

James J. Duffey, Jr., pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Ann Belanger Durney, Laurie A. Snyder, Attys., Tax Div., Dept. of Justice, Washington, D. C., for appellee.

Before LAY, Chief Judge, and BRIGHT and McMILLIAN, Circuit Judges.

PER CURIAM.

James Duffey appeals, pro se, from a decision of the United States Tax Court that certain funds paid to him by the University of Minnesota were not excludable income under section 117 of the Internal Revenue Code. 26 U.S.C. § 117. Duffey excluded $4,565 from his 1976 federal income tax return as a non-taxable fellowship grant. The Internal Revenue Service disallowed the deduction and assessed a deficiency against Duffey for that year. In a proceeding before the United States Tax Court it was held that the sum in question was not a fellowship grant within the meaning of section 117.

Duffey, at that time a graduate student, was paid $4,565 in connection with research duties performed for the Minnesota Research and Development Center (MRDC). It was Duffey's task to gather empirical data from which a formula for the funding of vocational programs for the state's schools could be developed for use by the state legislature. The project was funded by the Minnesota Department of Education and was initiated at the request of the state legislature.

Applying the primary purpose test, the tax court found that the payments were intended to compensate Duffey for services rendered. In reaching this conclusion the tax court noted that the projected use of the formula by the state legislature demon-

strated that MRDC anticipated a more than incidental benefit from the research conducted by Duffey and that this constituted the necessary *quid pro quo* required under *Bingler v. Johnson,* 394 U.S. 741, 751, 89 S.Ct. 1439, 1445, 22 L.Ed.2d 695 (1969).[1]

On appeal Duffey contends that the funds were paid primarily to enable him to participate in the research project as a learning experience leading to a doctorate.

The determination of whether the funds represent compensation or a fellowship grant is generally left to the trier of fact and will be reversed on appeal only where that determination is shown to be clearly erroneous. *See Leathers v. United States,* 471 F.2d 856, 858 (8th Cir. 1972); *see also Mizell v. United States,* 663 F.2d 772, 775 (8th Cir. 1981), *reh. denied* 669 F.2d 552 (8th Cir. 1982). A review of the record here reveals ample support for the tax court findings. Accordingly the decision is affirmed.

JUDGMENT AFFIRMED.

---

1. There was additional testimony to indicate that Duffey would have been terminated had his work proved unsatisfactory.