David **SEBBERSON** and Patti A. Sebberson, Appellants,

v.

**COMMISSIONER OF INTERNAL REVENUE,** Appellee.

No. 85–1169.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 9, 1985.

Decided Jan. 16, 1986.

James D. McCarthy, Jr., Severona Park, Md., of brief, for appellants.

Glenn L. Archer, Jr., Asst. Atty. Gen. (Michael L. Paup, Ann Belanger Durney, Washington D.C., Steven W. Parks on brief), for appellee.

Before WIDENER and ERVIN, Circuit Judges, and McMILLAN, District Judge for the Western District of North Carolina, sitting by designation.

McMILLAN, District Judge:

David and Patti Sebberson appeal from a decision of the United States Tax Court (Tannenwald, Chief Judge) that certain funds paid to them by the University of Maryland were not excludable income under section 117 of the Internal Revenue Code. 26 U.S.C. § 117. They excluded from their joint 1978 federal income tax return, as non-taxable scholarships, portions of the stipends paid to them as teaching assistants in the English Department of the University of Maryland. The Internal Revenue Service disallowed the exclusion and assessed a deficiency against them. The United States Tax Court held that the sums in question were not scholarships within the meaning of section 117, and were taxable.

We AFFIRM.

## I.

The facts, fully supported by the evidence and stipulations, are principally taken from the clear opinion of the Tax Court, *Sebberson, et al. v. Commissioner*, No. 5784–83, *slip op.* (Tax Ct. Nov. 20, 1984).

Appellants in 1978 were doctoral candidates in the English Department of the University of Maryland. *Id.* at 2. The Department did not require its doctoral candidates to teach, and gave no credit for teaching. *Id.* at 6. However, it did employ ninety graduate students as teaching as-

sistants. *Id.* at 5. These teaching assistants taught, among other courses, English 101, a required course, to about 5,000 freshmen. They prepared the assignments, conducted the classes, met with the students, and graded the examinations. In that course, they were subject only to minor supervision and review by the Director of Freshman English who visited their classes once a semester. *Id.* at 5, 6.

The English Department selected the appellants to be teaching assistants on the basis of their prior academic performance and present and future potential as teachers. Financial need was only a secondary factor. *Id.* at 4, 5. As teaching assistants, each appellant received a stipend (in biweekly increments) of $4,286.89, and was required to teach twenty hours a week during the school year. *Id.* at 3, 5. Teaching experience and academic progress in the graduate program, not financial need, determined the amounts of the stipends. *Id.* at 5. Furthermore, the University paid the stipends out of general operating funds, not scholarship funds. Scholarships were administered separately. *Id.* at 3.

In addition to the stipend, appellants received office space and access to desks, file space, mailboxes, typewriters, telephones, and copiers. The University also provided appellants health insurance benefits and allowed appellants, if they wished, to join the University credit union, to purchase faculty athletic books for sporting events, and, upon payment of a fee, to use the Faculty Club. *Id.* at 4.

## II.

The appellants' argument that their stipends are not taxable is based on section 117(a)(1)(A) of the Internal Revenue Code. That section states in part:

(a) General rule.—In the case of an individual, gross income does not include

(1) any amount received—

(A) as a scholarship at an educational organization described in section 170(b)(1)(A)(ii) . . . .

26 U.S.C. § 117(a)(1)(A).

One test for determining if payments from educational organizations to students

are scholarships that can be excluded from gross income under section 117(a) is the "primary purpose" test. According to this test, "scholarship" does not include "[a]ny amount paid ... to ... an individual to enable him to pursue studies or research primarily for the benefit of the grantor." 26 C.F.R. § 1.117–4(c)(2) (1985); *see Bingler v. Johnson,* 394 U.S. 741, 89 S.Ct. 1439, 22 L.Ed.2d 695 (1969); *Reese v. Commissioner,* 45 T.C. 407, 410–11 (1966), *aff'd and adopted* 373 F.2d 742 (4th Cir.1967).

The tax court here found that the primary purpose of the' payments to appellants was to compensate them for teaching and not to enable them to study:

> We are unable to accept the proposition that the use of such a large group of teaching assistants had a primary purpose other than to enable the department to discharge its and the University's obligation to impart knowledge to students—obligations which but for the teaching assistants would have had to have been discharged through the employment of other personnel.

*Sebberson, supra,* at 9–10. The court found the record insufficient to enable it to conclude that the appellants should be treated any differently from the way teaching assistants have been treated in the majority of decided cases. *Id.* at 11; *see, e.g., Pelz v. United States,* 551 F.2d 291, 213 Ct.Cl. 434 (1977); *Logan v. United States,* 518 F.2d 143 (6th Cir.1975); *Worthington v. Commissioner,* 476 F.2d 589 (10th Cir.1973); *Reese v. Commissioner, supra; Steinmetz v. United States,* 343 F.Supp. 384 (N.D.Cal.1972); *Meehan v. Commissioner,* 66 T.C. 794 (1976); *Jamieson v. Commissioner,* 51 T.C. 635 (1969).

### III.

The determination of whether the funds represent compensation or a scholarship under section 117 is a question of fact. *Leathers v. United States,* 471 F.2d 856, 858 (8th Cir.1972). The finding by the trier of fact will be reversed on appeal only if clearly erroneous. *Smith v. United States,* 677 F.2d 38, 39 (8th Cir.1982). A review of the limited record presented in this case on appeal does not show that the finding of the Tax Court is clearly erroneous; on the contrary, it appears to be clearly correct.

The decision of the Tax Court is AFFIRMED.