**Mildred Gayler CHRISTIAN, Plaintiff**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 10408·B.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Jan. 11, 1962.

Midlo & Lehmann, Rene Lehmann, New Orleans, La., for plaintiff.

Louis F. Oberdorfer, Asst. U. S. Atty. Gen., Edward S. Smith, Myron C. Baum, Herbert S. Kendrick and Harvey G. Schneider, Attys., U. S. Department of Justice, Washington, D. C., M. Hepburn Many, U. S. Atty., Eastern District of Louisiana, Peter E. Duffy, Asst. U. S. Atty., Eastern District of Louisiana, New Orleans, La., for defendant.

J. SKELLY WRIGHT, District Judge.

Mildred Gayler Christian is an honest taxpayer. Disdaining to bargain with

her government through compromise with the Commissioner of Internal Revenue, she comes into this court seeking a refund of income taxes paid in the years 1956, 1957 and 1958, asserting that, under the law, the taxes were either due or not due. The question presented is whether the taxpayer may claim as deductions expenses incurred in furthering her education using tax-exempt funds.

For thirty years Miss Christian has taught at Newcomb College in New Orleans. Her particular interest was English literature with special emphasis on the works of the Bronte sisters. In the years 1956, 1957 and 1958 the opportunity arose to visit England and do original research in her field. Her expenses for the 1956 trip were $1,675.00, of which $1,200.00 was disallowed. Her expenses for 1957 and 1958 were $3,419.85, which were disallowed in toto. In the taxpayer's claims for refund, her contention is that the expenses of her European travel are expenses "paid" or "incurred" within the meaning of Section 162 of the Internal Revenue Code of 1954[1] and are therefore deductible. The Government denies this.[2]

In 1956 Mrs. Henry Bonnell, a friend of Miss Christian, gave her $1,200.00 to defray the expenses of her first European trip. Mrs. Bonnell, too, was interested in the works of the Bronte sisters and sought through her gift to encourage the taxpayer to do original research in the Bronte country of England. The taxpayer's trips in 1957 and 1958 were financed through a fellowship award from the American Association of University Women.[3] This award was for continued research in the same subject.[4]

Section 265(1) of the Internal Revenue Code of 1954, 26 U.S.C. § 265(1), is dispositive of the issues here presented.[5] That section states that no deduction shall be allowed for expenses which are allocable to one or more classes of income wholly exempt from taxes. Admittedly, the $1,200.00 gift in 1956 and the fellowship award for 1957 and 1958 are wholly exempt from taxes.[6] Since the expenses in suit are allocable[7] to such income, they are not deductible.[8]

Judgment for defendant.

1. 26 U.S.C. § 162(a):
"Trade or business expenses
"(a) In general.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *."

2. The Government does not dispute that these educational expenses would normally be deductible. Income Tax Regulations, § 1.162–5.

3. The Government concedes that Miss Christian properly excluded from her gross income both the $1200 gift, 26 U.S.C. § 102, and the fellowship award, 26 U.S.C. § 117(a) (1) (B), (b) (2) (B).

4. Miss Christian has stipulated that the funds used in "incurring" the expenses in issue were the funds received from Mrs. Bonnell and the fellowship award.

5. "Expenses and interest relating to tax-exempt income
"No deduction shall be allowed for—
"(1) Expenses.—Any amount otherwise allowable as a deduction which is allocable to one or more classes of income other than interest (whether or not any amount of income of that class or classes is received or accrued) wholly exempt from the taxes imposed by this subtitle, * * *."
See Ephraim Banks, 17 T.C. 1386, Feb. 28, 1952.

6. See Note 3, supra.

7. Allocable: "* * * assignable to a particular account or accounts, * * *." Webster's New International Dictionary, 2d Ed. 1949, p. 69. Miss Christian admits that the expense funds are "allocable" to the gift and fellowship award. See Note 4, supra.

8. The statute alleviates the obvious problem of compounding tax advantages to the donee of a gift. "Since the income items are entirely excluded from gross income, it is not necessary to permit any deduction to achieve an equitable result." Stanley & Kilcullen, The Federal Income Tax, § 24(a) (5), p. 95 (1948). See Ephraim Banks, supra.