WILLIAM L. HEFT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Heft v. Commissioner
Docket No. 15598-80.
United States Tax Court
T.C. Memo 1982-444; 1982 Tax Ct. Memo LEXIS 301; 44 T.C.M. (CCH) 690; T.C.M. (RIA) 82444; August 3, 1982. Robert D. Scoggins *302 and William F. Pyne, for the petitioner. Donald W. Hicks, Sr., for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1977 in the amount of $2,227. The only issue for decision is whether petitioner is entitled to deduct as educational expenses amounts he paid for flight training to the extent that he received an educational assistance allowance covering the cost of this training from the Veterans' Administration pursuant to 38 U.S.C. sec. 1677. All of the facts have been stipulated and are found accordingly. Petitioner William L. Heft, who resided in Dallas, Texas, at the time of the filing of his petition in this case, filed a Federal income tax return for the calendar year 1977 on which he reported his filing status as single. During the first part of 1977, petitioner was employed by Grumman American Aviation Corporation of Savannah, Georgia. His duties consisted of piloting various types of aircraft for the purpose of demonstrating and selling the aircraft on behalf of his employer. During the balance of 1977, petitioner was employed *303 by Aerosmith Corporation as an aircraft salesman. His job title was aviation sales manager and his duties were to demonstrate aircraft offered for sale by Aerosmith Corporation to potential buyers. In order to maintain and improve his skills required to demonstrate various aircraft for sale to potential buyers, petitioner enrolled on May 31, 1977, in a flight training course offered by Dallas Flight Center in Dallas, Texas, described as "additional aircraft rating (CESSNA CE-500 TYPE)." The flight training course in which petitioner enrolled was an approved Veterans' Administration course. Petitioner paid a $50 enrollment fee with his personal check at the time he enrolled for the flight training. Subsequent to his enrollment, petitioner applied for and received a flight training educational assistance allowance under 38 U.S.C. sec. 1677 (Veterans' Pension and Readjustment Act of 1967, Pub. L. No. 90-77, sec. 302, 81 Stat. 178). Under the provisions of 38 U.S.C. sec. 1677, the educational assistance allowance paid to petitioner for his flight training was computed at the rate of 90 percent of the established charges for tuition *304 and fees. The educational assistance allowance was paid by the Veterans' Administration only upon a receipt of a certificate from petitioner and the training institution (Dallas Flight Center) as to actual flight training received by and the cost thereof to petitioner. Petitioner's educational assistance allowance was paid quarterly and related to the actual flight training received by petitioner in that quarter. On June 25, 1977, petitioner actually began the flight training program in which he had enrolled. The flight training course ended on August 18, 1977. The total cost of the training course was $11,318.50. Petitioner, on June 10, 1977, paid the Dallas Flight Center $4,573 for training for the period ending June 30, 1977. The total cost of the training for this period was $4,623 which consisted of the $50 enrollment fee plus the $4,573 paid by petitioner. On July 2, 1977, petitioner and the Dallas Flight Center provided the Veterns' Administration with a certification as to the actual flight training received by petitioner during the quarter ended June 30, 1977, and the cost thereof, and approximately two weeks later petitioner was paid an educational assistance allowance *305 by the Veterans' Administration in the total amount of $4,160.70 for his flight training through June 1977. On July 1, 1977, petitioner paid by his personal check to the Dallas Flight Center $4,608.50 for training during the period ending July 31, 1977. On August 1, 1977, petitioner and the Dallas Flight Center provided the Veterans' Administration with a certification as to the flight training received by petitioner and the cost of this training during the period July 1, 1977, to July 31, 1977, and on August 22, 1977, petitioner was paid an educational assistance allowance by the Veterans' Administration in the total amount of $4,147.65 for training during the month of July 1977. On August 1, 1977, petitioner paid the Dallas Flight Center by personal check $2,087 for training for the period from August 1, 1977, through August 18, 1977. On August 31, 1977, petitioner and the Dallas Flight Center provided the Veterans' Administration with a certification as to the actual training petitioner had received during the month of August 1977 and the cost thereof. Some time in September 1977, petitioner was paid an educational assistance allowance by the Veterans' Administration in the *306 total amount of $1,878.30 for his flight training in August 1977. Petitioner received a total of $10,186.65 from the Veterans' Administration as an educational assistance allowance for the cost of his flight training during the months of June, July, and August 1977. This amount represented 90 percent of the total cost of petitioner's flight training during this period, such total cost being $11,318.50. Petitioner did not receive an educational assistance allowance or any other amount from any entity in reimbursement for the $1,131.85 which represented the 10 percent of the cost of his flight training program which was not reimbursed by the Veterans' Administration. Petitioner did not and was not required to report the educational assistance allowance in the amount of $10,186.65 as income during the year 1977. Petitioner on his 1977 Federal income tax return claimed an educational expense deduction in the amount of $11,319. Respondent in his notice of deficiency disallowed the entire $11,319 claimed by petitioner as an educational expense deduction for the calendar year 1977. In the stipulation, respondent concedes that petitioner is entitled to deduct as an educational expense *307 the amount of $1,131.85 which he paid for flight training above the amount of the educational assistance allowance which he received from the Veterans' Administration. It is petitioner's position that the entire amount of $11,319 which he paid for flight training in 1977 is properly deductible as an educational business expense under section 162(a)[1] and that this amount should not be reduced by the receipt of an educational assistance allowance from the Veterans' Administration which by statute is not considered to be taxable income. In the alternative, petitioner contends that Rev. Rul. 80-173, 1980-2 C.B. 60, is an abuse of the Commissioner's discretion when applied retroactively to the extent that it revokes Rev. Rul. 62-213, 1962-2 C.B. 59, applicable to educational assistance allowances for flight training courses. Respondent takes the position that petitioner is not entitled to deduct the educational expenses he paid to the extent he was reimbursed by the Veterans' Administration since *308 he suffered no economic detriment to the extent of that reimbursement and further takes the position that section 265 prohibits the granting of a deduction for the educational expenses because the deduction is directly attributable to the receipt by petitioner of tax-exempt income. Respondent relies on Rev. Rul. 80-173 which he states distinguishes and clarifies Rev. Rul. 62-213. Respondent states that 38 U.S.C. sec. 1677 was originally enacted in 1967 after the time of the issuance of Rev. Rul. 62-213 and therefore Rev. Rul. 62-213 is not applicable to the payments as reimbursement of tuition and fees provided for in 38 U.S.C. sec. 1677 as enacted in 1967. In the recent case of Manocchio v. Commissioner, 78 T.C.     (June 14, 1982), we considered a claimed educational expense deduction by a taxpayer who enrolled in and attended flight training courses and was reimbursed by the Veterans' Administration pursuant to the provisions of 38 U.S.C. sec. 1677. The staxpayer in that case made the same arguments that petitioner in the instant case is making and *309 respondent in that case took the same position that he takes in the instant case. The Manocchio case was reviewed by the Court. In the Manocchio case, we held that section 265, [2] which provides that no deduction shall be allowed for an amount otherwise allowable which is allocable to one or more classes of income wholly exempt from income taxes, prohibited the allowance of an educational expense deduction to the extent of the reimbursement received by the taxpayer from the Veterans' Administration under 38 U.S.C. sec. 1677. We concluded that the reimbursement was income wholly exempt from income taxes and that the expenses of the flight training were allocable to this income. In that case, we discussed at length the legislative history of the predecessor of section 265 and concluded that we did not agree with the taxpayer's contention that the deduction for educational expenses for flight training "is permanently locked into his employment income where the expenses are also subject to exempt reimbursement." We pointed out that we considered the proximate one-for-one relationship between the reimbursement and the deduction to override the underlying *310 relationship between the deduction and the employment income. We stated that our position comported with the language of section 265 and was also supported by our decision in Banks v. Commissioner,17 T.C. 1386, 1393 (1952), and by the decision in Christian v. United States,201 F.Supp. 155, 156 (E.D. La. 1962). In the Manocchio case, we further pointed out that although we had relied on *311 section 265, our result was not inconsistent with Wolfers v. Commissioner,69 T.C. 975, 983-985 (1978), in which we had held that a shareholder in a subchapter Scorporation which was required to vacate its business premises to make room for a Federal Reserve Bank was not entitled to deduct moving expenses which were required to be and were reimbursed to it by the bank. We pointed out that in the Wolfers case we had not relied on section 265 but rather held that a taxpayer cannot deduct an expense when it has a fixed right to reimbursement at the time the expense is incurred. Since the instant case is indistinguishable from the Manocchio case, any further discussion of the issue here involved is not warranted. For all the reasons given in our opinion in the Manocchio case, we sustain respondent's position in the instant case.
In the Manocchio case, the taxpayer also argued, as does petitioner in the instant case, that a retroactive application of Rev. Rul. 80-173 exceeded the Commissioner's discretion. In the Manocchio case, the taxpayer in addition argued that respondent should be collaterally estopped from relying on Rev. Rul. 80-173 *312 for years prior to the year that revenue ruling was promulgated. The taxpayer in the Manocchio case, as does petitioner in the instant case, contended that he was entitled in a year prior to 1980 to rely on the position set forth in Rev. Rul. 62-213 and for that reason respondent should not deny him the claimed deduction. Petitioner in the instant case does not argue that inapplicability of Rev. Rul. 80-173 on the basis of estoppel but rather argues that Rev. Rul. 62-213, which was the only ruling in effect in 1977 when he incurred the educational expense, should be held applicable to his claimed deduction and the claimed deduction should be allowed in accordance with that revenue ruling. Petitioner argues that to apply Rev. Rul. 80-173 retroactively is an abuse of discretion on the part of respondent. Although the argument of petitioner in the instant case is based on abuse of discretion rather than estoppel, our discussion in the Manocchio case of the issue with respect to the applicability of Rev. Rul. 80-173 and respondent's right to retroactively change his position is equally applicable here. As we *313 pointed out in the Manocchio case, since Rev. Rul. 80-173 does not state that it is prospective only, it is automatically deemed to have retroactive effect. We cited Revenue Procedure 78-24, 1978-2 C.B. 503, as so stating and pointed out that section 7805 provided that the Secretary may prescribe the extent, if any, to which any ruling or regulation relating to the Internal Revenue laws shall be applied without retroactive effect. In the Manocchio case, we pointed out that Rev. Rul. 80-173 applied to tuition and fee reimbursements whereas Rev. Rul. 62-213 applied to a monthly payment to veterans attending approved colleges or schools. Our holding in the Manocchio case specifically disposes of petitioner's contention in the instant case that Rev. Rul. 80-173 does not or should not have retroactive effect. In the Manocchio case, we discussed at some length the taxpayer's claim that the doctrine of collateral estoppel should be applied to prohibit the Commissioner from applying retroactively Rev. Rul. 80-173. *314 In our discussion in the Manocchio case, we stated as follows (at p. 21 of slip opinion): Although it is settled law that the Commissioner's action is reviewable for an abuse of discretion, see Automobile Club of Michigan v. Commissioner,supra at 184, his discretion generally will be upheld unless there is evidence of unconscionable injury or undue hardship suffered by the taxpayer through reliance on the erroneous position, see, e.g., Schuster v. Commissioner,supra; Lesavoy Foundation v. Commissioner,238 F.2d 589 (3d Cir. 1956); or the circumstances reveal an unfair disparity in the Commissioner's treatment of similarly situated taxpayers * * * or other unusual circumstances are present. * * * We then discussed in some detail the propriety of Rev. Rul. 80-173 being applied to the taxpayer in that case. We concluded that the retroactive application of Rev. Rul. 80-173 to the taxpayer in the Manocchio case was not an abuse of the Commissioner's discretion. Again, in our view, our detailed discussion of the taxpayer's *315 position in the Manocchio case as to the propriety of the Commissioner's reliance of Rev. Rul. 80-173 is equally applicable here. For the reasons stated in the Manocchio case, we conclude that respondent's disallowance of petitioner's claimed deduction for educational expenses for flight training to the extent those expenses are reimbursed by the Veterans' Administration in reliance on Rev. Rul. 80-173 was not an abuse of respondent's discretion. We decide the only issue presented to us for respondent but, because of a concession by respondent, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue.↩
2. Sec. 265(1) provides as follows: SEC. 265. EXPENSES AND INTEREST RELATING TO TAX-EXEMPT INCOME No deduction shall be allowed for-- (1) Expenses.--Any amount otherwise allowable as a deduction which is allocable to one or more classes of income other than interest (whether or not any amount of income of that class or classes is received or accrued) wholly exempt from the taxes imposed by this subtitle, or any amount otherwise allowable under section 212↩ (relating to expenses for production of income) which is allocable to interest (whether or not any amount of such interest is received or accrued) wholly exempt from the taxes imposed by this subtitle.