IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

VANCE D. DAY and M.E. DAY,       )
                                      )
       Plaintiffs,         )   TC-MD 180340G
                                        )
       v.               )
                                      )   **ORDER DENYING PLAINTIFFS'**
DEPARTMENT OF REVENUE,     )   **MOTION FOR SUMMARY**
State of Oregon,             )   **JUDGMENT AND GRANTING**
                                        )   **DEFENDANT'S MOTION FOR**
       Defendant.        )   **SUMMARY JUDGMENT**

On cross-motions for summary judgment, this case concerns the deductibility of expenses

paid with money contributed to a trust fund established pursuant to ORS 244.205 to 244.221.[1]

The tax year at issue is 2015. The court holds that a deduction for such expenses is barred by

section 265(a)(1) of the Internal Revenue Code.

## I. STATEMENT OF FACTS

The parties have stipulated to the following facts:

"1.     The plaintiffs are both residents of Oregon for the tax year ending
December 31, 2015 and are subject to this court's jurisdiction.

"2.     Vance Day has been an active member of the Oregon State Bar
since 1991. In July 2011 Governor John Kitzhaber appointed Day to serve as a
Circuit Court judge in the Third Judicial District (Marion County). Judge Day
assumed his position on September 30, 2011. In November of 2012, Judge Day
was elected to a six-year term. Judge Day did not run for reelection in 2018 and
his term of office ended on January 7, 2019.

"3.     On August 23, 2014 Judge Day self-reported a potential ethics
issue to the Oregon Commission on Judicial Fitness and Disability (OCJFD). The
commission initiated an investigation and determined in June of 2015 to charge
Judge Day with numerous ethics violations. Judge Day hired a legal team and
determined to contest the formal complaint filed against him by the OCJFD.

/ / /

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

"4.    As an elected official, Judge Day filed with the Oregon Government Ethics Commission (OGEC) for permission to establish a legal defense fund under ORS 244.205 et seq. * * *.

"5.    The OGEC approved Judge Day's request to establish a legal defense fund on September 2, 2015."

(Stip Facts, ¶¶ 1–5.)

Judge Day's legal defense fund was in the form of a trust fund, of which he was a beneficiary. (Stip Facts, Ex B at 1.) The fund was "created for the purpose of receiving contributions to defray the legal expenses and related expenses incurred in connection with" the OCJFD's investigation. (*Id.*, Ex C at 1.) Although a trustee was designated for the fund, Judge Day agreed to bear ultimate responsibility for the fund's proper administration. (*Id.*, Ex B at 1.)

The trustee of Judge Day's legal defense fund submitted quarterly statements to the OGEC. (Stip Facts, ¶¶ 6–7, Exs F at 1, G at 1.) Those statements show that in 2015 the fund paid out $152,304.94 in expenditures and received $157,132.26 in cash contributions and $16,750.00 in pro bono legal assistance. (Stip Facts, Exs F at 1 and G at 1.) The fund received contributions from numerous persons, including both individuals and entities. (*See id.*) Affidavits from Vance Day and from an officer of the James Madison Center for Free Speech attest to their belief that the contributions were made out of disinterested generosity. (Ptfs' Reply Exs 1, 2.)

Plaintiffs claimed a deduction based on $128,685 in legal fees on their 2015 return. (Stip Facts, Ex H at 5–6.) There is no dispute that those legal fees were paid out of the legal defense fund. Plaintiffs did not report contributions to the legal defense fund as income. (*See* Stip Facts ¶ 8, Ex H at 4, 10.)

/ / /

/ / /

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
TC-MD 180340G                                                                      2 of 8

At audit, Defendant disallowed Plaintiffs' deduction for legal fees and assessed related interest and penalties. (*Id*., Exs I–J.) Plaintiffs ask the court to restore the legal fees deduction and remove the interest and penalties. Defendant asks the court to uphold its adjustments.

## II. ANALYSIS

The issue is whether Plaintiffs are entitled to deduct expenses paid out of the legal defense fund. The court grants summary judgment where there is no genuine issue of material fact and the moving party is entitled to prevail as a matter of law. TCR–MD 13 B;[2] TCR 47 C.[3] The law relevant here includes the federal Internal Revenue Code (IRC), from which Oregon has adopted its definition of taxable income, along with the IRC's judicial and administrative interpretations. *See* ORS 316.022(6); 316.032(2); 316.048.

A.    *Legal Fees as Deductible Expenses*

Expenses connected with earning money are generally deductible, either as business expenses under IRC section 162(a) or as expenses "for the production or collection of income" under IRC section 212(1). In general, "section 212 merely enlarges the categories of incomes with reference to which expenses are deductible and not the range of allowable types of deductible expenses[.]" *Carey v. Comm'r*, 56 TC 477, 483 (1971), *aff'd*, 460 F2d 1259 (4th Cir 1972). Therefore, it is generally immaterial whether an expense that might be claimed under IRC section 162(a) is instead claimed under IRC section 212(1).

Litigation costs are deductible when the claim litigated has its origin in income-producing activity. *United States v. Gilmore*, 372 US 39, 49, 83 S Ct 623, 9 L Ed 2d 570 (1963) (stating rule). If the origin of the claim is personal, the expense is not deductible even if the litigation

---

[2] Tax Court Rule – Magistrate Division (TCR–MD)

[3] Tax Court Rule (TCR)

threatens one's business interests. *Id.*, 372 US at 51–52 (holding defense against divorce claim for taxpayer's stockholdings in his company had personal origin and were nondeductible). However, if the origin of the claim lies in business activity, legal costs are deductible even if that activity was improper. *Comm'r v. Tellier*, 383 US 687, 690, 86 S Ct 1118, 16 L Ed 2d 185 (1966) (holding no public policy exception prevented taxpayer convicted of securities fraud from deducting legal defense costs).

In the present case, the parties do not dispute that the OCJFD's charges against Judge Day arose out of income-producing activity—his service as a judge—and that his legal fees were therefore of a kind potentially deductible under either IRC section 162(a) or IRC section 212(1).

B.      *Arguments and Assumptions*

Defendant moves for summary judgment on the ground that the legal fees were "paid or incurred" by the legal defense trust fund, not by Plaintiffs, and are therefore not deductible by Plaintiffs. *See* IRC § 212(1). Plaintiffs do not respond to that argument.

Plaintiffs argue in their motion that the contributions to the fund are gifts excludible from gross income under IRC section 102(a). The thrust of Plaintiffs' argument appears to be that, assuming the legal defense fund is disregarded, Plaintiffs should be be able to deduct the fund's expenditures and exclude the fund contributions. Defendant responds by (1) challenging whether the contributions are in fact gifts and (2) arguing that, if they are gifts, the legal fees are then allocable to tax-exempt income and a deduction is barred by IRC section 265(a)(1).

Given the lack of briefing from Plaintiffs regarding whether the legal defense trust fund should be disregarded, the court begins by considering the application of IRC section 265(a)(1). In so doing, the court makes assumptions favorable to Plaintiffs' arguments—that the fund may

/ / /

be disregarded and that the contributions were gifts properly excluded from Plaintiffs' gross income under IRC section 102(a).

C.  *IRC section 265(a)(1)*

As pertinent here, IRC section 265(a)(1) provides that no deduction shall be allowed for "[a]ny amount otherwise allowable as a deduction which is allocable to one or more classes of income other than interest (whether or not any amount of income of that class or classes is received or accrued) wholly exempt from the taxes imposed by this subtitle[.]"  This statute operates to prevent taxpayers from deducting expenses incurred generating tax-exempt income. *See Manocchio v. Comm'r*, 78 TC 989, 994 (1982), *aff'd*, 710 F2d 1400 (9th Cir 1983) (discussing "principal target of the legislation").  It also operates to prevent taxpayers from deducting payments made with money on which they have not paid taxes.  *See id*. at 994–95.

In *Manocchio*, the U.S. Tax Court considered the case of a pilot and veteran who was partially reimbursed by the Veterans' Administration for the cost of flight-training classes.  The cost of those classes qualified as deductible under IRC section 162(a), but the reimbursement payments from the VA were tax-exempt.  The court held that IRC section 265(a) barred a deduction to the extent of the VA payments, finding the tuition expenses were "directly allocable" to the tax-exempt payments where the VA had only issued the payments after "receiv[ing] a certification from the flight school, signed by both the veteran and a school official, of the actual training received by the veteran during the month and the cost of such training." *Manocchio*, 78 TC at 994.  Those facts showed a "fundamental nexus between the reimbursement income and the expense" and a "proximate one-for-one relationship between the reimbursement and the deduction." *Id*. at 994–95.

The court reasoned that IRC section 265(a) operated "to prevent taxpayers from reaping a double tax benefit by using expenses attributable to tax-exempt income to offset other sources of

taxable income." *Manocchio*, 78 TC at 997. The court's reasoning is understandable if deductions are considered as excluding from taxation the portion of income used to pay deductible expenses. Taxpayers paying such expenses from tax-exempt income have then already received the equivalent of a deduction because the money with which the expenses are paid is not taxed. Absent a provision such as IRC section 265(a)(1), such taxpayers would receive a double benefit: not only would the money spent on deductible items be tax-exempt under the relevant provision of the Code, but an equivalent amount of money not spent on such items would be excluded from taxation as well.

Gifts are a class of tax-exempt income to which IRC section 265(a)(1) applies. Such classes include all income "excluded from gross income under any provision of Subtitle A[.]" Treas. Reg. § 1.265–1(b)(1)(i). Gifts and inheritances are excluded from gross income under IRC section 102(a), a provision of Subtitle A. Thus, an English teacher was barred by IRC section 265(a)(1) from deducting the cost of her research trip because that trip was financed by a gift and a fellowship award. *Christian v. United States*, 201 F Supp 155, 156 (ED La 1962).

In the present case, the contributions Judge Day received were held separately under trust, and his legal expenses were paid out of that trust. Because the contributions were pooled together, there was not a "one-for-one" relationship between each gift and each expenditure, as with the taxpayer in *Manocchio*. However, an otherwise deductible item need not be allocable to a single item of income for IRC section 265(a)(1) to apply if it is allocable to "one or more classes" of tax-exempt income. The money in the legal defense fund consisted entirely of contributions. Assuming those contributions were gifts, every expenditure made by the trust fund was paid using one or more gift. There was therefore a "fundamental nexus" between the amounts expended on lawyer fees and the gifts. *See Manocchio*, 78 TC at 994. Because the

amounts expended on legal fees were entirely allocable to gift money in the trust fund, and because gifts are a class of tax-exempt income under IRC section 102(a), Plaintiffs are barred from deducting their legal fees by IRC section 265(a).

At oral argument, Plaintiffs raised a new theory not in the briefs, contending this case differs from *Christian* and *Manocchio* because Plaintiffs' legal fees were the result of state action infringing on Judge Day's right to free exercise of religion under the First Amendment to the United States Constitution. As far as the court can make out, Plaintiffs argue that the state should not be allowed to tax money spent defending against unconstitutional state action. Plaintiffs did not further develop that argument, and the court's research has not identified precedential support for it.[4]

Although Plaintiffs' theory is not properly before the court, two points may be quickly made. First, Plaintiffs paid no tax on their legal fees. As discussed above, those legal fees were paid entirely out of tax-exempt gift money. Second, if Plaintiffs' tax liability were dependent on the constitutionality of the OCJFD's actions, the resolution of Plaintiffs' claim would require a ruling on whether those actions were constitutional. This court only has authority to rule on such a "precondition to taxation" where jurisdiction is not already vested in another court. *See Sanok v. Grimes*, 294 Or 684, 697, 662 P2d 693 (1983). Because the circuit courts have jurisdiction over all matters not statutorily granted to this or another limited subject-matter jurisdiction court, this court does not have authority to decide whether the OCJFD acted constitutionally. *See*

---

[4] In *Bent v. Commissioner*, 87 TC 236 (1986), *aff'd*, 835 F2d 67 (3rd Cir 1987), a school board had settled a teacher's claim against it after a court ruled it had violated the teacher's First Amendment right to free speech. 87 TC at 245–46. The U.S. Tax Court held that IRC section 265(a) prevented the teacher from deducting his legal fees because they were allocable to damages received for a First Amendment violation—a personal injury for which compensation was excluded from gross income under the then-current version of IRC section 104(a)(2). *Id*. at 251. Nothing in *Bent* suggests that the fact the legal fees arose because of a constitutional violation had any bearing on the relevant question under IRC section 265(a)—whether an expense is allocable to an exempt class of income.

Or Const, Art VII, (Original), § 9; *Sanok*, 294 Or at 692 n 6; *cf.* ORS 305.410 (granting tax court

authority over questions arising under state tax laws).

### III. CONCLUSION

Assuming the facts most favorable to Plaintiffs, the amounts expended on Judge Day's

legal fees are allocable to tax-exempt income and therefore IRC section 265(a) disallows a

deduction for those expenses. Now, therefore,

IT IS ORDERED that Plaintiffs' motion for summary judgment is denied.

IT IS FURTHER ORDERED that Defendant's cross-motion for summary judgment is

granted.

Dated this ___ day of March, 2020.


POUL F. LUNDGREN
MAGISTRATE


***This is a <u>dispositive order</u> pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved. See TCR-MD 19.***

***This document was signed by Magistrate Poul F. Lundgren and entered on March 13, 2020.***